1  HANSON BRIDGETT LLP
   DAVINA PUJARI, SBN 183407
2  dpujari@hansonbridgett.com
   MEGAN OLIVER THOMPSON, SBN 256654
3  moliverthompson@hansonbridgett.com
   GEOFFREY R. PITTMAN, SBN 253876
4  gpittman@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:     (415) 777-3200
6  Facsimile:      (415) 541-9366

7  Attorneys for Defendant, TETRA TECH EC,
   INC.

8

9              **UNITED STATES DISTRICT COURT**

10   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12   BAYVIEW HUNTERS POINT RESIDENTS,      Case No. _____
     DANIELLE CARPENTER, CATHERINE
13   MUHAMMAD**,** *Including All Parties Listed*    **DEFENDANT TETRA TECH EC, INC.'S**
     *In Exhibit A*; and Doe Plaintiffs 1-40,000, on   **NOTICE OF REMOVAL OF ACTION**
14   behalf of themselves, and all others similarly   **UNDER 28 U.S.C. §§ 1441(a) AND**
     situated,                                         **1442(a)(1)**
15
                  Plaintiffs,                          [Removed from San Francisco Superior Court
16                                                     Case No. CGC-18-566188]
                  v.
17
     TETRA TECH EC, INC.; TETRA TECH,
18   INC; DAN L. BATRACK, *In his Individual*
     *and Official Capacity,* CHAIRMAN, CHIEF
19   EXECUTIVE OFFICER and PRESIDENT of
     TETRA TECH; STEVEN M. BURDICK, *In*
20   *his Individual and Official Capacity,*
     EXECUTIVE VICE PRESIDENT,
21   CHIEF FINANCIAL OFFICER OF TETRA
     TECH; STEPHEN C. ROLFE, *In his*
22   *Individual and Official Capacity,*
     MANAGING AGENT OF TETRA TECH;
23   JUSTIN E. HUBBARD, *In his Individual and*
     *Official Capacity,* MANAGING AGENT OF
24   TETRA TECH; LENNAR, INC.; and FIVE
     POINT HOLDINGS, LLC., and DOES 1-100
25   Inclusive,

26                Defendants.

27

28

15215534.1
          DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS:**

PLEASE TAKE NOTICE that Defendant TETRA TECH EC, INC. ("TtEC") hereby removes to this Court the state court action *Bayview Hunters Point Residents, et al. v. Tetra Tech EC, Inc., et al.*, San Francisco County Superior Court Case No. CGC-18-566188.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). TtEC hereby provides this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## I.    INTRODUCTION AND CASE OVERVIEW

1.    On May 1, 2018, Plaintiffs Bayview Hunters Point Residents, Danielle Carpenter, Catherine Muhammad, and 2,555 individuals listed on Exhibit A attached to the Second Amended Complaint ("Plaintiffs"), initiated a putative class action lawsuit against TtEC and several other parties in the Superior Court of California for the County of San Francisco, entitled *Bayview Hunters Point Residents, et al. v. Tetra Tech EC, Inc., et al.*, Case No. CGC-18-566188 ("Complaint").  On July 2, 2018, a First Amended Complaint ("FAC") was filed, and on February 5, 2019, a Second Amended Complaint ("SAC") was filed.  A true and correct copy of the SAC, together with summons, is attached hereto as Exhibit A.

2.    The SAC alleges that Plaintiffs are residents of the Hunters Point Community in Postal Zip Code 94124 which neighbors the Hunters Point Naval Shipyard ("HPNS").  (SAC, ¶¶ 15-16.)  The SAC contains multiple allegations concerning the Navy's operation of HPNS as a naval shipyard, used for radiological decontamination of naval ships, among other things.  (*See, e.g.,* SAC ¶¶ 3-5, 27-34.)  The SAC further alleges that TtEC was contracted by the Navy to assist with remediating the HPNS property.  (*See, e.g.,* SAC, ¶ 40.)  The SAC alleges generally that Plaintiffs have suffered economic and non-economic damages, including personal injuries, as a result of the alleged continuing environmental toxicity of the HPNS property.  (*See, e.g.,* SAC, ¶¶ 111-112.)  The SAC alleges the following causes of action:  (1) unfair and fraudulent business practices under the California Unfair Competition Law, California Business and Professions Code

-2-

§ 17200 *et seq.* ("UCL"); (2) false and misleading statements under the California False

Advertising Law, California Business & Professions Code § 17500 *et seq.* ("FAL");

(3) negligence fear of cancer; (4) strict liability for ultrahazardous activities; (5) violation of

Proposition 65 of the California Health and Safety Code section 25249.5 – 25249.13; (6) fraud;

(7) negligence per se; (8) bad faith breach of third party contract; (9) public nuisance; (10) private

nuisance; and (11) injunctive relief.  (SAC, ¶¶ 132-218.)

3.      Based on their allegations, Plaintiffs seek injunctive and declaratory relief, as well

as compensatory damages, restitution damages, punitive damages, plus interest, costs, and

attorney's fees.  (SAC, pp. 63-65.)

4.      TtEC was served with summons and the SAC on February 14, 2019.

## II.    VENUE AND INTRADISTRICT ASSIGNMENT

5.      Removal to the United States District Court for the Northern District of California

is proper under 28 U.S.C. § 1446(a) because this is the District within which the state court action

is pending.

6.      Pursuant to Civil Local Rule 3-2(c), assignment to the San Francisco or Oakland

Division of the United States District Court for the Northern District of California is appropriate

because a substantial part of the events or omissions which gave rise to Plaintiffs' claims are

alleged to have occurred in the County of San Francisco, and a substantial part of the property that

is the subject of the action is situated in the County of San Francisco.

## III.   JURISDICTION

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because:

(1) TtEC is being sued for remediation work it performed at the direction of and while under

contract with the Navy, thus immunizing TtEC from liability for state law claims; and

(2) Plaintiffs' claims arise from alleged acts occurring on a federal enclave, HPNS, over which

federal courts have exclusive jurisdiction to adjudicate claims for relief.

## IV.    GROUNDS FOR REMOVAL

8.      TtEC asserts two independent bases for removing this action to this Court.  First,

TtEC removes this action pursuant to the Federal Officer Removal Statute, 28 U.S.C.

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

§ 1442(a)(1).  Second, TtEC removes this action pursuant to 28 U.S.C. § 1441(a) because the alleged conduct giving rise to this action occurred on a federal enclave.

### A.    Federal Officer Removal

9.    Removal is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer.  28 U.S.C. § 1442 provides for removal of civil actions against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).

10.    Federal officer removal rights under section 1442 are much broader than other removal rights, and section 1442 is to be interpreted broadly in favor of removal.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ("We take from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal.").  Indeed, given the importance to the federal government of protecting federal officers and their agents, federal officers can remove even if a plaintiff could not have filed in federal court; removals under section 1442 are not subject to the well-pleaded complaint rule; and a federal officer or agency defendant can unilaterally remove a case under section 1442 without consent from other defendants in the case.  *Durham*, 445 F.3d at 1253.

11.    Removal is appropriate where, as here, a defendant demonstrates that: (1) it is a "person" within the meaning of the statute; (2) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (3) it can assert a "colorable federal defense."  *Durham*, 445 F.3d at 1251 (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) and *Mesa v. California*, 489 U.S. 121, 124–25, 131-35 (1989)).  TtEC meets all of these elements and, therefore, is entitled to remove this action.

12.    First, TtEC is a "person" under section 1442(a)(1).  It is well-settled that corporations such as TtEC are considered "persons" within the meaning of the statute.  *See Isaacson v. Dow Chemical Co.*, 517 F.3d 129 (2d Cir. 2008).

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

13.    Second, TtEC was "acting under" the direction of the Navy within the meaning of section 1442(a)(1) when it contracted with the Navy and performed radiological remediation services at HPNS.  For purposes of satisfying this element, "precedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 152 (2007).  While TtEC denies any liability for Plaintiffs' claims, there is no dispute that the Navy contracted with TtEC to remediate hazardous and radioactive waste at HPNS.[1]  (*See, e.g.*, SAC, ¶¶ 6, 18, 40, 81, 94, 99.)  Further, the SAC makes reference to the oversight of the Navy in connection with the remediation.  (*See, e.g.*, SAC, ¶¶ 37, 39-41, 47.)  Moreover, because Plaintiffs' claims against TtEC arise from the remediation services it provided while under contract with the Navy, there is a clear causal nexus between Plaintiffs' claims and TtEC's actions.  The fact that TtEC's remediation work at HPNS derived from its contract with the Navy, and Plaintiffs' alleged injuries stemmed from TtEC's remediation work while under contract with the Navy, is sufficient to establish the required causal nexus.  *Willingham v. Morgan*, 395 U.S. 402, 409 (1969).

14.    Third, TtEC's derivative sovereign immunity and government contractor defenses are colorable federal defenses to Plaintiffs' claims.  To be colorable, the defense is not required to be "clearly sustainable," and "[t]he officer need not win his case before he can have it removed." *See Willingham*, 395 U.S. at 407.

15.    With regard to derivative sovereign immunity, TtEC has a colorable basis for asserting this defense to Plaintiffs' claims under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940) and *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).  Under this defense, TtEC is immune from liability for its work performed under Navy contract.  *See Yearsley*, 309 U.S. at 20–21 ("if this authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will"); *see also Campbell-Ewald*, 136 S. Ct. at 673 n.7 (disagreeing with Court of

---

[1]  To the extent necessary, TtEC will provide additional briefing and evidentiary support for removal on the grounds asserted herein.

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

15215534.1

Appeals to the extent that it described *Yearsley* as applying solely to claims arising out of property damages caused by public works projects).  TtEC's assertion of the derivative sovereign immunity defense will establish that TtEC's contract with the Navy was "validly conferred," and that TtEC performed the Navy contract in accordance with the Navy's instructions and directions.

16.    With regard to the government contractor defense, TtEC has a colorable basis for asserting the defense in this action under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).  The Supreme Court in *Boyle* held that state law, which would hold a government contractor liable, will be displaced when (1) the subject matter involves "uniquely federal interests;" and (2) "a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law' or the application of state law would 'frustrate specific objectives' of federal legislation . . . ." *Id.*, 487 U.S. at 505.  This action presents an issue involving "uniquely federal interests," that is TtEC's contractual obligations to the Navy and actions taken in the course of performing the contract, and imposition of liability under state tort law for TtEC's performance of the Navy contracts would significantly conflict with that federal interest.  487 U.S. at 504-05, 507. In addition, in further satisfaction of the requirements for establishing the government contractor defense, TtEC will demonstrate that its remediation work was approved by the Navy according to precise specifications; that TtEC's services ultimately conformed to those specifications; and that TtEC had no information that the Navy did not already have about the inherent dangers associated with radiological remediation at HPNS.  *Id.*, 487 U.S. at 511-12; *see also Crawford v. Nat'l Lead Co.,* 784 F. Supp. 439, 445 n.7 (S.D. Ohio 1989) (noting "the defense is viable with regard to performance contracts.") (citations omitted).

**B.    Federal Enclave Jurisdiction**

17.    The federal enclave doctrine provides a second basis for removal.  Article 1, Section 8, Clause 17 of the United States Constitution grants Congress the power to "exercise exclusive legislation in all cases whatsoever" over all places purchased with the consent of a state "for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings."  *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005).  Federal enclaves include military areas, such as naval shipyards like HPNS.  *Scott v. Does 1 through 100*, CV 12–06235

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

15215534.1

SJO (MANx), 2012 WL 13013026, *2 (C.D. Cal. Oct. 25, 2012); *see also Allison v. Boeing Laser Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012) ("These enclaves include numerous military bases, federal facilities, and even some national forests and parks"); *Celli v. Shoell*, 995 F.Supp. 1337, 1341 (D. Utah 1998) (taking judicial notice that air force base was federal enclave).

18.    "[F]ederal enclaves are under the exclusive jurisdiction of the United States, meaning the property and activities of individuals and corporations within that territory are also under federal jurisdiction." *Swords to Plowshares*, 423 F. Supp. 2d at 1034. "As a result, actions arising from events that take place in federal enclaves may be removed to the corresponding federal court." *Scott*, 2012 WL 13013026 at *2; *Durham*, 445 F.3d at 1250 ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'").

19.    HPNS is a federal enclave. There is no dispute that HPNS was owned by the federal government when TtEC performed remediation services under Navy contract at the property; nor is there any dispute that the vast majority of HPNS remains under federal government ownership today. Beginning in approximately 1939, the HPNS was acquired by the United States for use by the Navy as a shipyard. *See, e.g.*, Cal. Stats. 2009, c. 203 § 2(c); *see also* SAC, ¶ 27. Through these acquisitions, the Navy accepted exclusive federal jurisdiction over a substantial portion of the HPNS pursuant to the Constitution and California law. *See, e.g.,* U.S. Constitution, Art. I, s. 8, cl. 17; Cal. Govt. Code § 111; Cal. Stats. 1939, ch. 710, § 34; *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 480 (2000). While the area of HPNS known as "Parcel A" was transferred to the City of San Francisco in connection with the redevelopment of the area, nearly all of the remaining land in HPNS is still owned by the United States. *See, e.g.*, Cal. Stats. 2009, c. 203 § 2(a) (noting federal ownership of Hunters Point Naval Shipyard lands); s*ee also* SAC, ¶¶ 47-55 (noting transfer of Parcel A to San Francisco Redevelopment Agency, and Navy's continuing remediation efforts on other HPNS parcels).

20.    The crux of Plaintiffs' claims against TtEC is that TtEC failed to properly remediate toxic and radioactive waste at HPNS while under contract with the Navy, allegedly misrepresented and/or failed to disclose the continuing toxic nature of the site, and that the allegedly toxic nature of the site continues today, purportedly causing Plaintiffs' alleged injuries

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

and/or the exacerbation of Plaintiffs' alleged injuries.  (*See, e.g.*, SAC, ¶¶ 1-2, 40, 46, 65-67, 111-12, 132-212.)  Accordingly, the alleged events that form the basis of Plaintiffs' claims occurred on the HPNS federal enclave.  *See In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 (N.D. Cal. 2012) ("the jurisdiction of the federal court depends upon . . . the locus in which the claim arose.").

21.    Because the alleged conduct giving rise to Plaintiffs' claims occurred on a federal enclave, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**V.    COMPLIANCE WITH REMOVAL PROCEDURE**

22.    In accordance with 28 U.S.C. § 1446(a), the following documents, which are all the process, pleadings, and orders served upon TtEC prior to the Notice of Removal, are attached hereto: (1) Summons on Second Amended Complaint and Second Amended Complaint (Exhibit A); and (2) San Francisco Superior Court Order Continuing Case Management Conference, San Francisco Superior Court ADR Materials, and Plaintiffs' Case Management Statement (Exhibit B).

23.    TtEC's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because TtEC is filing this Notice of Removal within thirty days of receipt, through service, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..

24.    TtEC is not required to obtain the consent of any other defendants in this action in order to remove this action in its entirety pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

25.    TtEC has obtained consent from the other defendants known to have been served to remove the action pursuant to 28 U.S.C. § 1441(a) on the ground that the alleged conduct giving rise to this action occurred on a federal enclave.  The undersigned counsel avers that all named defendants known to have been served as of this filing consent to removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [for removal].").

26.    TtEC will promptly give all adverse parties written notice of the filing of this

1   Notice of Removal as required by 28 U.S.C. § 1446(d).  TtEC will also promptly file a copy of

2   this Notice of Removal with the Clerk of the California Superior Court for the County of San

3   Francisco where the action is currently pending.

4          WHEREFORE, TtEC hereby removes this action from the Superior Court of California,

5   County of San Francisco to the United States District Court for the Northern District of California.

6   DATED:  March 18, 2019                              HANSON BRIDGETT LLP

7

8                                                  By:       /s/ Megan Oliver Thompson

9                                                        DAVINA PUJARI
                                                       MEGAN OLIVER THOMPSON
10                                                     GEOFFREY R. PITTMAN
                                                       Attorneys for Defendant, TETRA TECH EC,
11                                                     INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT TETRA TECH EC, INC.'S NOTICE OF REMOVAL OF ACTION

15215534.1