# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| BAYVIEW HUNTER POINTS RESIDENTS et al<br><br><br>PLAINTIFF (S)<br><br>VS.<br><br>TETRA TECH EC, INC. et al<br><br><br>DEFENDANT (S) | **Case Management Department 610**<br>**Case Management Order**<br><br><br>**NO. CGC-18-566188**<br><br><br>**Order Continuing Case**<br>**Management Conference** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Oct-03-2018 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Mar-06-2019 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  SEP-17-2018                     TERI L. JACKSON
                                        _____
                                        JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001



**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP): ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

Operation: Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

Cost: BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

(B) MANDATORY SETTLEMENT CONFERENCES: Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO, in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

Operation: Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

(B) **JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

(C) **PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

(A) **JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

(B) **PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



**HON. JOHN K. STEWART**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR ADMINISTRATOR**

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)

## EJT-001-INFO  Expedited Jury Trial Information Sheet

.This information sheet is for anyone involved in a civil lawsuit who will be involved in an expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml.* The rules are at *www.courts.ca.gov/rules.*

### (1)  What is an expedited jury trial?

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial. ·

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- The trial will be shorter. Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.
- The jury will be smaller. There will be 8 jurors instead of 12.
- Choosing the jury will be faster. The parties will exercise fewer challenges.

### (2)  What cases have expedited jury trials?

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in (7) below.

  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial,* if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—all parties must waive their rights to appeal. In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in (9).

### (3)  Will the case be in front of a judge?

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

### (4)  Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### (5)  Is the decision of the jury binding on the parties?

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

### (6)  How else is an expedited jury trial different?

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

Expedited Jury Trial Information Sheet

EJT-001-INFO, Page 1 of 2


**EJT-001-INFO**  Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

o  The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

**( 7 )  Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always.  There are some exceptions.

o  The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.

o  Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

**( 8 )  Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in ( 1 ), and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**( 9 )  Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

o  Misconduct of the judicial officer that materially affected substantial rights of a party;

o  Misconduct of the jury; or

o  Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

**( 10 )  Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court Judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:


_____               _____
Name of Party Stipulating                           Name of Party Stipulating

_____               _____
Name of Party or Attorney Executing Stipulation        Name of Party or Attorney Executing Stipulation

_____               _____
Signature of Party or Attorney                        Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant       ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____                 Dated: _____

☐ *Additional signature(s) attached*

ADR-2  03/15          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE    ☐ LIMITED CASE<br>(Amount demanded      (Amount demanded is $25,000<br>exceeds $25,000)       or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: | | | | |
|---|---|---|---|---|
| Date: | Time: | Dept.: | Div.: | Room: |

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:          f. Fax number:
e. E-mail address:            g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation (if available).**
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
      ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
          (TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
          (TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY)

                                    ☐ Additional signatures are attached.

 Superior Court of California
County of San Francisco

Expedited Jury Trial Information Sheet

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

· The trial will be shorter. Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

· The jury will be smaller. There will be 8 jurors instead of 12.

· Choosing the jury will be faster. The parties will exercise fewer preemptory challenges.

· Parties will waive some post trial motions and rights · to appeal. Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be · put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which · is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

1) At Filing and Prior to Setting of a Trial Date: Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) After a Trial Date has been Set: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least 30 days prior to the assigned trial date.

3) After Trial Assignment: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than 30 days prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

Can I change my mind after agreeing to an expedited jury trial?

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

--- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- ---

## Expedited Jury Trial Request
### Please submit a copy of this request to Dept. 610.

Case No. _____.

Case Name: _____    v,

_____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at www.leginfo.ca.gov/calaw.html. The rules are at www.courts.ca.gov/rules.

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011

...e Early Settlement Program:

...arly Settlement provides:

Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

Learn more about the Early Settlement Program–scan the QRCode or visit www.sfbar.org/adr/esp



Consider The Bar Association of San Francisco's

# Early
# Settlement
# Program

## ...at is ESP?

...e Bar Association of San Francisco's **...rly Settlement Program** (ESP) ...available as one of San Francisco ...perior Court's Alternative Dispute ...solution (ADR) programs (Local Rule ...3).

...P is a **highly successful** ADR ...ogram that handles cases in areas ...law such as business, personal ...ury, employment, labor, civil rights, ...scrimination, insurance, malpractice, ...ndlord/tenant, and many others.

...P is **unique** in that the panelists, ...helping you move toward settlement, ...n provide you confidential feedback ...bout their evaluation of your case, ...cluding opinions as to potential ...ase value.

...or more information as well as the ...omplete Policies & Procedures, go to: ...ww.sfbar.org/esp



## Who are the Panelists?

## Costs

## Contact

## ...teps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.

## Experienced mediators are available in the following areas:

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Family-Certified Specialists
- Fee Disputes
- Financial
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- LGBT Issues
- Malpractice: Legal-Medical-Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- And more...

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

George Yuhas, Esq.
Orrick, Herrington & Sutcliffe LLP

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Shartsis Friese LLP

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

Leslie Caplan
Global Warming Campaign Manager
Bluewater Network

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"
Mark Abelson, Esq.
Compagnoli, Abelson & Compagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."
Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter



FOR OUTSTANDING ADR SERVICES
Voted into the Hall of Fame in The Recorder's 'Best of' Poll
5 YEARS IN A ROW 2010 - 2014

# MEDIATION SERVICES



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

**adr@sfbar.org or**
**415-982-1600**



THE BAR ASSOCIATION OF
SAN FRANCISCO

# QUALITY                    EXPERIENCE                    TRUST

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| CHARLES A. BONNER, ESQ. #85413<br>LAW OFFICES OF BONNER & BONNER<br>475 GATE FIVE ROAD, SUITE 212<br>SAUSALITO, CA 94965<br>TELEPHONE NO.: 415-331-3070    FAX NO.(Optional): 415-331-2738<br>E-MAIL ADDRESS (Optional): cbonner799@aol.com<br>ATTORNEY FOR (Name): PLAINTIFFS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO
STREET ADDRESS:   400 MCALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE:   SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER:   HUNTERS POINT RESIDENTS

DEFENDANT/RESPONDENT:   TETRA TECH EC, INC., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☒ UNLIMITED CASE   ☐ LIMITED CASE<br>(Amount demanded    (Amount demanded is $25,000<br>exceeds $25,000)    or less) | CGC - 18 - 566188 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: 3/6/2019    Time: 10:30a.m.    Dept.: 610    Div.:    Room:
Address of court (if different from the address above):

☒ Notice of Intent to Appear by Telephone, by (name): CHARLES A. BONNER, ESQ.

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☒ This statement is submitted by party (name):   PLAINTIFFS
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):   2/5/2019    SECOND AMENDED COMPLAINT
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☒ The following parties named in the complaint or cross-complaint
      (1) ☒ have not been served (specify names and explain why not):
         STEVEN M. BURDICK, DAN L. BATRACK, STEPHEN C. ROLFE, JUSTIN E. HUBBARD
      (2) ☒ have been served but have not appeared and have not been dismissed (specify names):
         FIVE POINT HOLDINGS, LENNAR, INC., TETRA TECH, INCORPORATED, TETRA TECH EC, INCORPORATED
      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which
      they may be served):

4. Description of case
   a. Type of case in  ☒ complaint   ☐ cross-complaint    (Describe, including causes of action):
      UNFAIR AND FRAUDULENT BUSINESS PRACTICES, FALSE AND MISLEADING STATEMENTS, NEGLIGENCE FEA
      CANCER, STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES, VIOLATION OF PROP 65, FRAUD, NEGLIGE
      PER SE-VIOLATION OF CRIMINAL LAW, BAD FAITH BREACH OF THIRD PARTY CONTRACT, PUBLIC NUISANCE
      PRIVATE NUISANCE, INJUNCTIVE RELIEF

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]    CEB® | Essential<br>ceb.com | 📃Forms®    **CASE MANAGEMENT STATEMENT**    Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courts.ca.gov

Hunters Point Residents

CM-110

| PLAINTIFF/PETITIONER: HUNTERS POINT RESIDENTS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TETRA TECH EC, INC., et al. | CGC - 18 - 566188 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
THIS CASE INVOLVES DEFENDANTS CRIMINAL CONDUCT OF WILLFULLY, INTENTIONALLY, AND PREMEDITATELY CAUSING RADIOACTIVE MATERIALS, INCLUDING BUT NOT LIMITED TO, RADIOACTIVE SOIL, RADIOACTIVE DEVICES, AND EQUIPMENT TO BE LEFT AT THE HUNTERS POINT SHIPYARD, WITH FULL KNOWLEDGE THAT RELEASES OF RADIOACTIVE TOXINS AND RADIONUCLEOTIDES WOULD BE CARRIED BY THE PREVAILING WINDS AND CAUSING INJURIES,

    [X] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request  [X] a jury trial.  [ ] a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
  a. [ ] The trial has been set for *(date):*
  b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

  c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
  a. [X] days *(specify number):* 30
  b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  [X] by the attorney or party listed in the caption  [ ] by the following:
  a. Attorney:
  b. Firm:
  c. Address:
  d. Telephone number:              f. Fax number:
  e. E-mail address:               g. Party represented:
  [ ] Additional representation is described in Attachment 8.

9. **Preference**
  [ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
  a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1) For parties represented by counsel: Counsel  [X] has  [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2) For self-represented parties: Party  [ ] has  [ ] has not reviewed the ADR information package identified in rule 3.221.
  b. Referral to judicial arbitration or civil action mediation (if available).
    (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CEB | Essential
ceb.com | 2 Forms

Hunters Point Residents

CM-110

| PLAINTIFF/PETITIONER: HUNTERS POINT RESIDENTS | CASE NUMBER: CGC - 18 - 566188 |
|---|---|
| DEFENDANT/RESPONDENT: TETRA TECH EC, INC., et al. | |

10. c.    Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CEB | Essential
ceb.com | Forms

Hunters Point Residents

CM-110:

| PLAINTIFF/PETITIONER: HUNTERS POINT RESIDENTS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TETRA TECH EC, INC., et al. | CGC - 18 - 566188 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy    ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☒ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☒ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| PLAINTIFFS | WRITTEN DISCOVERY | APRIL 2020 |
| PLAINTIFFS | DEPOSITIONS | APRIL 2020 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CEB | Essential
ceb.com | Forms

Hunters Point Residents

CM-110

| PLAINTIFF/PETITIONER: HUNTERS POINT RESIDENTS | CASE NUMBER:<br>CGC - 18 - 566188 |
|---|---|
| DEFENDANT/RESPONDENT: TETRA TECH EC, INC., et al. | |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* **PLAINTIFFS REQUEST THAT THIS CASE MANAGEMENT CONFERENCE BE CONTINUED UNTIL DEFENDANTS FILE THEIR RESPONSIVE PLEADINGS AND THE CASE BECOME AT ISSUE.**

19. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* **2**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: **2/18/2019**

**A. CABRAL BONNER**
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

CEB | Essential
ceb.com | ㋓Forms·

Hunters Point Residents

MC-020

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hunters Point Residents v. Tetra tech | CGC - 18 - 566188 |

1. ATTACHMENT FOR 4b.

2. CONTRACTING CANCER TO THE BAYVIEW HUNTERS POINT RESIDENT PLAINTIFFS.

3. DEFENDANTS MANAGERS RESPONSIBLE FOR THE REMEDIATION, CLEAN UP AND

4. REMOVAL OF ALL RADIOACTIVE MATERIALS AND OTHER TOXINS ARE CURRENTLY

5. IN FEDERAL PENITENTIARY FOLLOWING THEIR ADMISSIONS IN GUILTY PLEAS TO

6. FALSIFYING SOIL SAMPLES BY PRESENTING TO THE NAVY FRAUDULENT CLEAN SOIL

7. SAMPLES WHILE LEAVING RADIOACTIVE AND OTHER TOXIC SOIL ON THE PREMISES

8. OF HUNTERS POINT NAVAL SHIPYARD.

9. THE DAMAGES INCLUDE BUT NOT LIMITED TO THE FOLLOWING:

10. A. ECONOMIC LOSSES

11. 1. MEDICAL BILLS, LOSS WAGES, DECLINING VALUE OF REAL ESTATE, COST OF

12. REMEDIATION OF REAL AND PERSONAL PROPERTY, AND OTHER ECONOMIC LOSSES

13. ACCORDING TO PROOF.

14. B. NON ECONOMIC DAMAGES INCLUDE, BUT NOT LIMITED TO, THE FOLLOWING:

15. PAIN; ANXIETY;  FEAR OF CONTRACTING CANCER OR OTHER MEDICAL DISEASES OR

16. CONDITIONS CAUSED BY EXPOSURE TO RADIATION AND OTHER TOXINS;

17. INCONVENIENCE; MENTAL DISTRESS; EMOTIONAL DISTRESS; LOSS OF ENJOYMENT

18. OF LIFE; HUMILIATION; DISCOMFORT; FEAR; MISERY; SUFFERING.

19.

20.

21.

22.

23.

24.

25.

26. *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27. This page may be used with any Judicial Council form or any other paper filed with the court.

Page 6

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
Optional Form
CEB | Essential
ceb.com | EForms

**ADDITIONAL PAGE    Hunters Point Residents**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

MC-020

| SHORT TITLE:<br>Hunters Point Residents v. Tetra tech | CASE NUMBER:<br>CGC - 18 - 566188 |
|---|---|

1   ATTACHMENT FOR 13a.

2   THE FOLLOWING CASES ARE BELIEVED TO BE RELATED:

3   Case Number: CGC18571382 Title: THOMAS LUPTON ET AL VS. TETRA TECH, INC. ET AL

4   Case Number: CGC18567302 Title: RICHARD THOMAS CARTER JR ET AL VS. TETRA TECH

5   EC, INC. ET AL

6   Case Number: CGC18568351 Title: THEODORE ELLINGTON ET AL VS. TETRA TECH, INC.

7   ET AL

8   Case Number: CGC18568352 Title: LINDA PARKER PENNINGTON ET AL VS. TETRA TECH,

9   INC. ET AL

10   Case Number: CGC18569105 Title: MICHAEL LIN ET AL VS. TETRA TECH, INC. ET AL

11   Case Number: CGC18570979 Title: CHRISTINE FARRELL ET AL VS. TETRA TECH, INC. ET AL

12   Case Number: CGC18571194 Title: OLEKSANDR YEGOROV VS. TETRA TECH, INC. ET AL

13   Case Number: CGC18571265 Title: JOHN WESLEY DARDEN JR VS. TETRA TECH, INC. ET AL

14   Case Number: CGC18571341 Title: JASON L. FRIED VS. TETRA TECH, INC. ET AL

15   Case Number: CGC19572715 Title: KARLA BRAVO VS. TETRA TECH, INC. ET AL

16

17

18

19

20

21

22

23

24

25

26   *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

27   This page may be used with any Judicial Council form or any other paper filed with the court.

Page 7

Form Approved by the
Judicial Council of California
MC-020 (New January 1, 1987)
Optional Form   CEB | Essential
ceb.com | 🄵 Forms

ADDITIONAL PAGE   Hunters Point Residents
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501