CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF CHARLES A. BONNER**
475 GATE FIVE RD, SUITE 211
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, DANIELLE CARPENTER, CHRISTOPHER CARPENTER, DECEASED, BY DANIELLE CARPENTER, REPRESENTATIVE AND SUCCESSOR IN INTEREST; CATHERINE MUHAMMAD, *Including All Parties Listed In Exhibit A*; and Doe Plaintiffs 1-40,000, on behalf of themselves, and all others similarly situated,<br>           Plaintiffs,<br>    vs.<br>TETRA TECH EC, INC.; TETRA TECH, INC; DAN L. BATRACK, *In his Individual and Official Capacity*, CHAIRMAN, CHIEF EXECUTIVE OFFICER and PRESIDENT of TETRA TECH; STEVEN M. BURDICK, *In his Individual and Official Capacity,* EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER OF TETRA TECH; STEPHEN C. ROLFE, *In his Individual and Official Capacity,* MANAGING AGENT OF TETRA TECH EC INC.; JUSTIN E. HUBBARD, *In his Individual and Official Capacity,* MANAGING AGENT OF TETRA TECH EC INC.; LENNAR CORPORATION; and FIVE POINT HOLDINGS, LLC., and DOES 1-100 Inclusive,<br>           Defendants. | Case No.: 3:19-cv-01417-JD<br><br>**[PROPOSED] ORDER CERTIFYING *BAYVIEW HUNTERS POINT RESIDENTS* SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND APPROVING FORM AND CONTENT OF CLASS NOTICE** |

DECLARATION OF CHARLES A. BONNER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF *BAYVIEW HUNTERS POINT RESIDENTS* CLASS ACTION SETTLEMENT
Case No.: 3:19-cv-01417-JD

**WHEREAS**, the *BAYVIEW HUNTERS POINT RESIDENTS* plaintiffs ("Plaintiffs") entered into a Settlement Agreement on November 3, 2022 with Defendants Lennar Corporation and Five Point Holdings, LLC (collectively, the "Homebuilder Defendants"), which sets forth the terms and conditions for a proposed resolution of the litigation against the Homebuilder Defendants and for the dismissal of the litigation against them with prejudice ("Settlement" or "Settlement Agreement");

**WHEREAS**, Plaintiffs filed a Motion for Preliminary Approval of the Settlement with the Homebuilder Defendants, for conditional certification of the Settlement Class, for approval of the Notice Plan, and for approval of the Plan of Allocation of the Settlement Fund ("Motion");

**WHEREAS**, the Court heard the argument of counsel and, having reviewed the pleadings, the Settlement Agreement, other papers on file in this action, and the statements of counsel and the parties, hereby finds that the Motion should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2. The Court preliminarily approves the Settlement with the Homebuilder Defendants.

3. The Court finds that the Settlement is fair, reasonable, and adequate justifying notice to the Class Members.

4. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court certifies the following Settlement Class for purposes of this motion only:

> All current residents of Postal Zip Code 94124 and any individuals who previously resided in Postal Zip Code 94124 at any time between January 1, 2004 and the date on which this Settlement Agreement receives preliminary approval, as well as all parties named in Amended Exhibit A to Plaintiffs' Fifth Amended Complaint. (ECF Doc 154).

> Excluded from the Class are those individuals whose claims against Developers have been released under the terms of the settlement agreement in *Pennington et al. v. Tetra Tech Inc., et al.*, Case No. 3:18-cv-05330 (N.D. Cal.), ECF Nos. 123-1, 224; the Judge presiding over this Action and members of the Court's staff; Developers, including Developers' subsidiaries, parent companies, successors, predecessors, and any entity in which Developers or its parents have a controlling

interest and their current or former officers, directors, and employees; and Defense Counsel.

5.     The Court further finds that the prerequisites to certifying a settlement class under Rule 23 are satisfied in that (a) there are potentially more than 35,000 Settlement Class members, making joinder of all members impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the Representative Plaintiff are typical of the claims or defenses for the Class Members; (d) the Representative Plaintiff and Class Counsel will fairly and adequately protect the interests of the Class Members.

6.     The Court hereby appoints Ms. Arieann Harrison as Representative Plaintiff of the Settlement Class.

7.     The Court hereby appoints the Law Offices of Bonner & Bonner as Class Counsel for purposes of this Settlement.

8.     All further proceedings between Plaintiffs and Homebuilder Defendants are stayed in this action except for any actions required to effectuate the Settlement.

9.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

10.    The Court finds that Plaintiffs' proposed Claims-Made Process is fair, reasonable, and adequate.  Specifically, approximately $3,500,000 will be set aside for payment of cash claims to Current Residents and Named Plaintiffs, all of whom will be entitled to receive the same amount to be determined based on the number of valid claims filed.  For former residents who meet the class criteria (i.e., formerly lived in the Zip Code 94124 between 2004 and the date of preliminary approval of this settlement), a smaller share of the Settlement Fund has been set aside ($100,000), from which former residents may recover up to $100 each.  The Plan of Allocation does not unfairly favor any Class Member or group of Class Members to the detriment of others.

11.    The Court approves the form of the Long Form Class Notice and Postcard Notice as presented to the Court.

12.    The Court finds that Plaintiffs' proposed Notice Plan complies with Rule 23 and Due Process. The Notice Plan includes direct mail notice (postcards); outdoor billboard

advertising; online display banner advertising; social media advertising; a toll-free information line; and a website dedicated to this settlement that provides access to a Long Form Notice. The Long Form Notice informs Class Members of their rights, their options, deadlines related to the Motion, and the binding nature of a class judgment. The Court finds that the Notice Plan: (i) is the best notice practicable; (ii) is reasonably calculated to, under the circumstances, apprise Class Members of the proposed Settlement and of their right to object or to exclude themselves as provided in the Settlement Agreement; (iii) is reasonable and constituting due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Due Process and any other applicable requirements under federal or state law.

13. The Court appoints Kroll Settlement Administrators ("Kroll") as the Settlement Administrator. Kroll shall supervise and administer the Notice Plan, establish and operate a settlement website, distribute cash payments according to the processes and criteria set forth in the Motion and accompanying declarations, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

14. As contemplated by Section III(C)(5) of the Settlement Agreement: Settlement Administration Expenses, including costs of notice, up to Fifty Thousand Dollars ($50,000) shall be paid by the Homebuilder Defendants; if settlement administration expenses exceed Fifty Thousand Dollars ($50,000), Class Counsel shall allocate up to Eighty Thousand Dollars ($80,000) from the Settlement Fund to the total costs of notice and administration, to be taken proportionately from the portion of the Settlement Fund allocated to pay the Settlement Share for Current Residents and the Settlement Share for Former Residents; any settlement administration expenses in excess of One Hundred Thirty Thousand Dollars ($130,000) shall be paid from the portion of the Settlement Fund which the Court allocates for Attorneys' Fees and Expenses.

15. Kroll shall provide notice of the Settlement in accordance with the Notice Plan.

16. The Court sets the following schedule for the dissemination of Class Notice and the scheduling of further litigation events, including, but not limited to, the final approval hearing, opt-out and objection deadlines, and deadlines by which a motion for attorneys' fees and litigation expenses shall be submitted:

| Mail Notice | 30 days after Order |
|---|---|
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses | 30 days after Order |
| Exclusion and Objection Deadline | 120 days after Order |
| Motion for Final Approval and Motion for Good Faith Determination | 150 days after Order |
| Final Approval Hearing and Hearing on Motion for Good Faith Determination | 185 days after Order |

17. Any Settlement Class Member who intends to object to the fairness of the Settlement Agreement must, no later than _____, 2023 file any such objection with the Court. Any objection to the Settlement Agreement must comply with the instructions set forth in the Notice. The Court will not consider the objections of any Class Member who has not properly filed copies of the objections on a timely basis or complied with the requirements of the Settlement Agreement.

18. Consistent with the above schedule, each Class Member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator to be postmarked no later than _____, 2023. Requests for exclusion must be in writing and must set forth the name, address, email, and telephone number of the person or entity that wishes to be excluded; if not a Named Plaintiff, the current or former address in 94124 where the individual resides or resided; and be signed by the Class Member. Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Settlement Class as provided in the Settlement Agreement. Class Counsel shall file this list no later than _____, 2023.

PROPOSED] ORDER CERTIFYING PENNINGTON SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND APPROVING FORM AND CONTENT OF CLASS NOTICE

Case No.: 3:19-cv-01417-JD                                                                                         4

19. Any Class Member who does not properly and timely request exclusion as provided above shall, upon final approval of the Settlement, be bound by the terms and provisions of the Settlement so approved, including, but not limited to, the releases, waivers, and covenants set forth in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement, and whether or not such person or entity makes a claim upon the Settlement Fund.

20. Each Class Member shall have the right to appear at the Fairness Hearing by filing a notice of intention to appear no later than _____, 2023.

21. The Court will conduct a Fairness Hearing at __:__ _.m. on _____, 2023 at the United States Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, CA 94102. The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the class members. The Fairness Hearing will be conducted to determine the following:

    a. Whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval.

    b. Whether final judgment should be entered dismissing with prejudice the claims of the Class Members against the Settling Defendants.

    c. Whether the Settlement was made in good faith pursuant to California Code of Civil Procedure §§ 877 and 877.6.

    d. Such other matters as the Court may deem appropriate.

IT IS SO ORDERED.

Dated: _____

                                                                                                      The Honorable James Donato
                                                                                                      UNITED STATES DISTRICT JUDGE