UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date: December 1, 2022                                                          Judge: Hon. James Donato

Time: 32 Minutes

Cases:  3:13-cv-03835-JD United States of America ex rel. Jahr v. Tetra Tech EC, Inc. et al
        3:16-cv-01106-JD Smith v. Tetra Tech EC, Inc., et al
        3:16-cv-01107-JD Wadsworth et al v. Tetra Tech EC, Inc., et al
        3:18-cv-05330-JD Pennington et al v. Tetra Tech, Inc. et al
        3:19-cv-01417-JD Bayview Hunters Point Residents et al v. Tetra Tech EC, Inc. et al
        3:19-cv-07510-JD Abbey et al v. Tetra Tech EC, Inc. et al
        3:20-cv-01480-JD Five Point Holdings, LLC et al v. United States of America
        3:20-cv-01481-JD Five Point Holdings, LLC et al v. Tetra Tech, Inc. et al
        3:20-cv-01485-JD CPHP Development, LLC et al v. Tetra Tech, Inc. et al
        3:20-cv-04704-JD Tetra Tech EC, Inc. v. CH2M Hill Inc. et al
        3:20-cv-06443-JD Abbey v. United States of America, Department of the Navy

Attorney(s) for Plaintiff(s):   Michael Pyle/Geoff Yost/Cabral Bonner/Donald Magilligan/
                                Khaldoun Baghdadi/Wendi Berkowitz/
                                Bradley Bowles/Jeffrey Dintzer/Meredith Kingsley

Attorney(s) for Defendant(s):   Kim Martin/Michell Greif/Caroline Stanton/
                                Richard Steingard/Davina Pujari/Chris Rheinheimer/
                                Blanca Young/Joe Addiago/Erin Hoppler/Brian Padget/
                                James Castles

Court Reporter: Marla Knox

Deputy Clerk: Lisa Clark

PROCEEDINGS

Status Conference -- Held

NOTES AND ORDERS

    **I.   Case Management Issues**

The Court resolves the parties' disputes about their proposed Case Management Order as follows. *See* Joint Status Conference Statement at 6-15.

1

For CH2M Hill's depositions, the parties agree that CH2M Hill may take two additional 30(b)(6) depositions (one each for Tetra Tech and the Navy). The Court expects that CH2M will be given a reasonable proportion of time during depositions for issues that are specific to CH2M's case. CH2M may seek relief if that does not happen. The Court declines to order a specific amount of deposition time for CH2M.

For the document production schedule, the Court has concerns about the slow pace of production in this aging litigation and the excessive volume of documents said to be in issue. The parties are directed to meet and confer on a plan to prioritize custodians and narrow search terms, and agree upon procedures that will complete all document production by March 2023 at the latest. The parties will jointly file the plan by January 9, 2023. If a plan is not agreed upon, the Court will issue one. The Court expects that depositions will begin in April 2023, and will be completed as promptly as possible.

Expert disclosures will be made in simultaneous opening and rebuttal disclosures.

The parties should file a revised proposed case management order that is consistent with these rulings.

## II.     Discovery Dispute re Dan Batrack

For the discovery dispute re Tetra Tech, Inc.'s CEO, Dan Batrack, *see* Dkt. Nos. 245 & 249 in Case No. 18-5330, Batrack will be included as a custodian subject to search terms phrased to capture information relevant to Hunters Point.

For plaintiffs' request for a search term hit report for all custodians, the parties will meet and confer, and include in their January 9, 2023 filing an agreed-upon deadline for this.

## III.    Tetra Tech EC, Inc.'s Motion to Dismiss United States' Complaint-in-Intervention

The parties' joint statement stated that in *Jahr*, Case No. 13-3835, Tetra Tech EC, Inc,'s motion to dismiss the United States' first amended complaint (Dkt. No. 97) is still pending. Statement at 4. For the parties' clarification, the motion was denied. Judicial notice of the 2014 Investigation Report, *see* Dkt. No. 98, was denied. The Report was not incorporated by reference in the United States' amended complaint, or otherwise amendable to judicial notice. Even if it had been incorporated by reference, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

Tetra Tech's motion was based mainly on the 2014 Investigation Report, and so it was denied for this reason. The motion asked the Court to resolve factual disputes in Tetra Tech's favor. That was improper under Rule 12.

Tetra Tech's Rule 9(b) contention was also unavailing. Tetra Tech asked for a higher degree of specificity than is required under controlling law. The United States' complaint adequately pleaded "with particularity a reasonable basis to infer that the government either paid money or forfeited moneys due" for false or fraudulent claims. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010).

Because the FCA claims are sufficient, Tetra Tech's suggestion that the Court lacked jurisdiction over the breach of contract claim pursuant to the Contract Disputes Act, 41 U.S.C. § 7104, also failed. Dkt. No. 97 at 15.