UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  December 8, 2022　　　　　　　　　　　　　　　　　　　Judge:  Hon. James Donato

Time:  18 Minutes

Case No.      **3:19-cv-01417-JD**
Case Name     **Bayview Hunters Point Residents et al v. Tetra Tech EC, Inc. et al**

Attorney(s) for Plaintiff(s):      Cabral Bonner/Charles Bonner
Attorney(s) for Defendant(s):      Geoff Yost/Chris Rheinheimer/Garrett Stanton

FTR Recorder:  10:33:08-10:51:47

Deputy Clerk:  Lisa Clark

### PROCEEDINGS

Motion Hearing -- Held

### NOTES AND ORDERS

For the reasons stated on the record, plaintiffs' Motion for Preliminary Approval of *Bayview Hunters Point Residents* Mass Action and Class Action Settlement with Homebuilder Defendants, Dkt. No. 186, is denied.

- Plaintiffs have not adequately explained why a $5.4 million settlement is fair and reasonable when the complaint sought $1 billion in damages against these defendants, Dkt. No. 114 at 95, and the proposed settlement contains a broad release of all claims against these defendants including for wrongful death.
- Plaintiffs have not adequately explained who Arieann Harrison is, and why she might be a proper representative for the proposed class under Rule 23(a).
- The proposed class is made up of individuals who are disparately situated, such as those with wrongful death claims, those who lived in Hunters Point for decades, and others who may only have lived in Hunters Point for a period of months or weeks. It is not at all clear that common questions would predominate for this proposed class. Fed. R. Civ. P. 23(b)(3); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).
- The Court has insufficient information about the 9,500+ individual plaintiffs listed in Exhibit A to the Fifth Amended Complaint, Dkt. No. 154 to assess fairness and reasonableness for them.

- The proposed medical fund was not adequately explained, and no good reason was given for why the proposed class should pay for it.
- The proposed *cy pres* beneficiary is not related to the litigation and will not be approved for that reason.
- The proposal that a private dispute resolution mediator would oversee defendants' dust mitigation measures is puzzling and unexplained.  To the extent monitoring is proposed, a duly qualified expert in the field will be required.
- The proposed notice and claims procedures are too general to be acceptable.

The motion, Dkt. No. 186, is terminated, and there will be no further written order.

The denial is without prejudice to a further request for approval, should the parties be able to fix the deficiencies identified by the Court.