WILMERHALE

April 11, 2023

Honorable James Donato
450 Golden Gate Avenue
San Francisco, CA 94102

> Re: **Hunters Point Naval Shipyard Litigation,** *Bayview Hunters Point Residents et al. v. Tetra Tech EC, Inc. et al.*: **Defendants' Discovery Letter Brief re Dr. Sumchai and Dr. Dahlgren's Production of Documents in Response to Subpoenas**

Dear Judge Donato:

  Defendants Tetra Tech EC, Inc. and Tetra Tech, Inc. (the "Tetra Tech Defendants" or the "Defendants") respectfully submit this letter brief in the *Bayview Hunters Point Residents et al. v. Tetra Tech EC, Inc. et al.* litigation (No. 3:19-cv-01417-JD) requesting that the Court order Plaintiffs and/or the subpoenaed witnesses, Dr. Ahimsa Porter Sumchai and Dr. James Dahlgren, to produce relevant documents held by these two key witnesses. The documents sought are central to Plaintiffs' allegations, provide the basis for representations made directly to this Court, and were requested by subpoenas served on Drs. Sumchai and Dahlgren in December 2022.[1]

  Plaintiffs have been consistent in only one thing: creating a shell game, attempting to delay or entirely withhold directly relevant documents upon which Plaintiffs' allegations rely. Depending on the day, Plaintiffs' counsel either formally represents the doctors, informally facilitates communications and productions with them, or distances themselves from the doctors altogether. The undersigned counsel certifies that, in addition to four months of written correspondence, Defendants met and conferred with Plaintiffs' counsel, the Bonner Firm, multiple times about these issues by telephone. Because the scope of the Bonner Firm's representation of the doctors is far from concrete, Defendants also attempted to meet and confer with Drs. Sumchai and Dahlgren directly, to no avail.

  The scope of discovery in federal litigation is broad, covering "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case..." Fed. R. Civ. P. 26(b). A subpoena recipient must, "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" Fed. R. Civ. P. 45 (a)(1)(A)(iii).

  Here, Dr. Sumchai is deeply and directly involved in the Plaintiffs' allegations. Her work in the Bayview is referenced in the Fifth Amended Complaint, including citations to articles she wrote about alleged toxic exposure from the Hunters Point Naval Shipyard ("HPNS"). ECF No. 114, "Complaint," ¶¶ 150, 181. The Complaint also relies on her "biomonitoring analysis" on individuals in the Bayview neighborhood, the results of which allegedly show "elements in concentrations above reference range documented to be present in Shipyard soils." *Id.* ¶ 156. Dr.

---

[1] Dr. Sumchai was served on Dec. 28, 2022. Dr. Dahlgren was served on Dec. 21, 2022.

WILMERHALE

Sumchai filed a declaration supporting Plaintiffs' Proposition 65 claims. ECF No. 132-6; *see also* Complaint ¶¶ 204, 205.[2] Additionally, Plaintiffs have cited Dr. Sumchai and her biomonitoring analysis directly in Plaintiff Fact Sheet No. 1 responses and in deposition testimony.[3] Dr. Sumchai is also featured on the Bonner Firm's litigation website[4] and was consulted in advance of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Homebuilder Defendants. ECF No. 186-1 ¶ 8.

Dr. Dahlgren is similarly involved, as he has been mentioned in numerous PFS1 responses and in deposition testimony.[5] He also filed a declaration in support of Plaintiffs' Motion for Preliminary Approval, in which he asserted he was retained by the Bonner Firm. ECF No. 186-1 at 64-69. Perhaps most importantly, Dr. Dahlgren has also been purportedly conducting "biomonitoring analysis" in the Bayview, the results of which were presented to this Court in a December 2022 hearing as unequivocal fact. Prelim. Approval Hr'g Tr. at 15-16 ("We have tests right now on the eleven people. Eight of the people have plutonium in their body.").

Given their direct and prominent involvement, the Tetra Tech Defendants sought relevant materials from Drs. Sumchai and Dahlgren, including information about biomonitoring analysis in the Bayview, communications about biomonitoring analysis and test samples, and documents supporting public statements each made regarding exposure to toxic substances at HPNS. *See* Attachment A (Sumchai Subpoena) and Attachment B (Dahlgren Subpoena).

In December 2022, Defendants attempted to learn from Plaintiffs' counsel whether they would accept service of Sumchai and Dahlgren's document subpoenas but did not receive a response. So, Defendants served formal notice of the subpoenas on counsel and later served the doctors individually. In a December 29, 2022 email copying the Bonner Firm, Dr. Sumchai claimed without basis she would not respond to the subpoena for unclear reasons. Dr. Dahlgren did not respond to his subpoena at all. In fact, the Tetra Tech Defendants have not received any formal objections or responses to the subpoenas from either the Bonner Firm or the doctors.

Defendants spoke with the Bonner Firm by telephone on January 3, 2023, during which the Firm did not clearly take a position on whether it represented Dr. Sumchai but acknowledged it represented Dr. Dahlgren. The Bonner Firm then communicated via email on January 8, 2023 that it did not formally represent Dr. Sumchai but would accept subpoenas on her behalf and would facilitate communication with her. The Bonner Firm then assisted in coordinating potential deposition dates for Dr. Sumchai, purporting to agree on an April 18, 2023 deposition date, which the Tetra Tech Defendants expressly conditioned on receipt of her documents

---

[2] The Bonner Firm defended Dr. Sumchai in her September 2021 deposition, which was limited to that declaration.
[3] "Sumchai" appears 61 times in purported class representative Arieann Harrison's February 22, 2023 deposition transcript, including in discussion of Ms. Harrison's biomonitoring test results.
[4] Available at https://hunterspointcommunitylawsuit.com (last visited April 10, 2023).
[5] "Dahlgren" appears 97 times in purported class representative Arieann Harrison's February 22, 2023 deposition transcript, including in discussion of Ms. Harrison's biomonitoring test results.

WILMERHALE

responsive to the document subpoena by the end of March. The deposition has now had to be postponed indefinitely due to the Bonner Firm's failure to produce Dr. Sumchai's documents.

On January 19, 2023, Plaintiffs' counsel told Defendants that Dr. Sumchai had been preparing documents to produce responsive to the subpoena and that the documents would "definitely" be produced by the end of March 2023. On February 2, 2023, the parties held another telephonic meet and confer session at which Plaintiffs' counsel again agreed to work with Dr. Dahlgren to produce the requested documents.

After several more emails, including an explicit acknowledgement that Plaintiffs' counsel had worked with Drs. Sumchai and Dahlgren to collect documents, the parties held another telephonic meet and confer on March 31, 2023. On this call, Plaintiffs' counsel again promised documents that have still not been provided. Plaintiffs' counsel stated, for the first time, that they do not actually represent Dr. Dahlgren but would facilitate his document production.

Plaintiffs' counsel emailed on March 31, 2023 they had some documents from Drs. Sumchai and Dahlgren, but requested an additional call. Defendants' counsel called Plaintiffs' counsel on April 4, 2023, left a voicemail, did not receive a response, and followed up again via email. Given Plaintiffs' counsel's delay and acknowledgment that they did not represent the doctors, Defendants' counsel emailed Drs. Sumchai and Dahlgren on April 5, 2023 directly; Dr. Sumchai forwarded the email to Plaintiffs' counsel, writing she "responded to [the subpoena] via Bonner law firm." On April 5, 2023, Plaintiffs' counsel stated they would produce Dr. Sumchai's documents "hopefully" by April 10. Defendants have still not heard back from Dr. Dahlgren.

As of the filing of this letter brief, Defendants have not received Dr. Sumchai's or Dr. Dahlgren's documents—almost four months after their subpoenas were served and after countless attempts to resolve these issues without court intervention. The Tetra Tech Defendants come to the Court as a last resort, after exhausting reasonable efforts to obtain the materials Drs. Sumchai and Dahlgren are obligated to produce. The delay and evasion with respect to this discovery are prejudicing the Tetra Tech Defendants' ability to obtain threshold discovery on material allegations made in the Complaint and in Court proceedings. Defendants' ability to conduct further discovery, conduct additional depositions, probe representations made in Court, and litigate this case at all is being materially impeded and must be remedied.

Therefore, the Tetra Tech Defendants respectfully request that the Court order Plaintiffs' counsel and/or Dr. Sumchai and Dr. Dahlgren[6] to produce all documents responsive to the Defendants' subpoenas—some of which are seemingly already in Plaintiffs' counsel's possession—within 14 days of the Court's order on this letter brief.

---

[6] The Tetra Tech Defendants plan to serve this letter brief by hand on Drs. Sumchai and Dahlgren, in the event Plaintiffs' counsel say they do not represent the doctors. Proofs of Service will be available upon the Court's request.

WILMERHALE

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

*/s/ Christopher T. Casamassima*
CHRISTOPHER T. CASAMASSIMA
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
chris.casamassima@wilmerhale.com

DAVINA PUJARI
CHRISTOPHER A. RHEINHEIMER
1 Front Street, Suite 3500
San Francisco, CA 94111
davina.pujari@wilmerhale.com
chris.rheinheimer@wilmerhale.com

*Attorneys for TETRA TECH, INC., TETRA TECH EC, INC., and ANDREW BOLT*