# Attachment B

WILMER CUTLER PICKERING
   HALE AND DORR LLP
DAVINA PUJARI, SBN 183407
davina.pujari@wilmerhale.com
CHRISTOPHER A. RHEINHEIMER, SBN 253890
chris.rheinheimer@wilmerhale.com
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

CHRISTOPHER CASAMASSIMA, SBN 211280
chris.casamassima@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

SAMUEL C. LEIFER, (admitted *pro hac vice*)
samuel.leifer@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant Tetra Tech EC, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH EC, INC., et al., <br><br> Defendants. | Case No. 3:19-cv-01417-JD <br><br> **DEFENDANT TETRA TECH EC, INC.'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO JAMES GEORGE DAHLGREN, MD** |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Tetra Tech EC, Inc. serves the attached Subpoena To Produce Documents ("Subpoena") to Dr. James George Dahlgren, MD ("Dr. Dahlgren"), which is attached as Exhibit 1 to this Notice. Dr. Dahlgren is directed to produce and permit inspection and copying of the documents and/or objects specified in Attachment A to the Subpoena on or before January 12, 2023, at 9:00am PT.

Dated: December 14, 2022,

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ *Christopher A. Rheinheimer*
DAVINA PUJARI
CHRISTOPHER CASAMASSIMA
CHRISTOPHER A. RHEINHEIMER
SAMUEL C. LEIFER
*Attorneys for Defendant Tetra Tech EC, Inc.*

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is One Front Street, Suite 3500, San Francisco, CA 94104.

On December 14, 2022, I served the following documents in the manner described below:

1. Notice of Subpoena to Produce Documents to James George Dahlgren, MD
2. Subpoena to Produce Documents to James George Dahlgren, MD

☒ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through WilmerHale's electronic mail system to the email addresses set forth below.

On the following parties in this action:

| | |
|---|---|
| Charles A. Bonner, Esq.<br>Adam Cabral Bonner, Esq.<br>BONNER & BONNER<br>475 Gate Five Rd., Suite 211<br>Sausalito, CA 94965<br>Tel: (415) 331-3070<br>Fax: (415) 331-2738<br>Email: cbonner799@aol.com<br>cabral@bonnerlaw.com | *Attorneys for Plaintiffs* |
| Geoff H. Yost, Esq.<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111<br>Tel: (415) 984-8700<br>Fax: (415) 984-8701<br>Email: gyost@omm.com | *Attorneys for* Defendant<br>Lennar Corporation |
| Daniel M. Petrocelli, Esq.<br>David Marroso, Esq.<br>O'MELVENY & MYERS LLP<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, CA 90067<br>Tel: (310) 553-6700<br>Fax: (310) 246-6779<br>Email: dpetrocelli@omm.com<br>dmarroso@omm.com | *Attorneys for* Defendant<br>Lennar Corporation |

| | |
|---|---|
| Jeffrey D. Dintzer, Esq.<br>Matthew C. Wickersham, Esq.<br>ALSTON & BIRD LLP<br>333 S. Hope St., 16th Floor<br>Los Angeles, CA  90071<br>Tel: (213) 576-1000<br>Fax: (213) 576-1100<br>Email: Jeffrey.Dintzer@alston.com<br>Matt.Wickersham@alston.com | *Attorneys for* Defendant<br>Five Point Holdings LLC |

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  Executed on December 14, 2022, at San Francisco, California.

Dated:  December 14, 2022                    By:    */s/ Christopher A. Rheinheimer*
                                                                    Christopher A. Rheinheimer

# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Bayview Hunters Point Residents, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:19-cv-01417-JD |
| Tetra Tech EC, Inc., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: James George Dahlgren, MD

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: WilmerHale<br>1 Front Street, Suite 3500<br>San Francisco, California 9411 | Date and Time:<br>01/12/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/14/2022

*CLERK OF COURT*

OR

_____    /s/ Christopher Rheinheimer
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tetra Tech EC, Inc. , who issues or requests this subpoena, are:
Christopher Rheinheimer, chris.rheinheimer@wilmerhale.com, 628 235 1131

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-01417-JD

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## Definitions

The words and phrases used in these Requests for Production ("Requests") shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set forth below whenever used in any Request:

a. "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of PERSONS attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.

DOCUMENTS expressly include all written or electronic COMMUNICATIONS and ELECTRONIC RECORDS.

b. "COMMUNICATIONS" means any oral, written, or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

c. "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment. ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

d. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning,

    discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

e. "HPNS" means any portion of the former Hunters Point Naval Shipyard in San Francisco, California, including but not limited to current and former parcels thereof.

f. "YOU," or "YOUR" means James George Dahlgren, MD, and any and all present or former employees and agents, including attorneys, investigators, representatives, or other PERSONS acting on YOUR behalf.

g. "BONNER LAW FIRM" means any attorney, employee, or agent of the Law Offices of Bonner & Bonner.

h. "GENOVA DIAGNOSTICS" means Genova Diagnostics, a clinical laboratory headquartered in Asheville, North Carolina.

i. "BIOMONITORING STUDIES" refers to the "Hunters Point Community Biomonitoring Program," as referenced in the article entitled, "HP Biomonitoring: Promising HOPE for Hunters Point," published on March 2, 2022, by the *San Francisco Bay View*.

j. "BIOMONITORING STUDIES PARTNERS" refers to any PERSON who has partnered or assisted with the BIOMONITORING STUDIES, including, but not limited to, Ahimsa Sumchai, as referenced in the article entitled "Is Hunters Point sick?  Meet the doctor screening residents for toxins in S.F.'s biggest development battle," published on January 5, 2022, by the *San Francisco Chronicle,* as well as Talmadge King, Tracey Woodruff, Daniel Hirsch, Robert Gould, Mark Alexander, and Raymond Tompkins. mentioned in the April 11, 2019 article in the *San Francisco Bay View* entitled "Advancing environmental public health through implementation of a Biomonitoring Program at the Hunters Point Shipyard, a federal Superfund site."

k. "COMMUNITY MEMBERS" means individuals participating in the BIOMONITORING STUDIES, including but not limited to individuals who have submitted urine for testing.

l. "REFERENCE RANGE" means "the results expected for 95% of your cohorts." *See* Frequently Asked Questions page of GENOVA DIAGNOSTICS, at https://www.gdx.net/clinicians/faq.

m. "LAB RESULTS" means DOCUMENTS RELATED TO findings from BIOMONITORING STUDIES, including but not limited to GENOVA DIAGNOSTICS Comprehensive Urine Element Profiles.

n. "HPNS LITIGATIONS" refers ANY and/or ALL of the following proceedings pending in the U.S. District Court for the Northern District of California: *Bayview Hunters Point Residents, et al. v. Tetra Tech, Inc., et al.*, Case No. 3:19-cv-01417-JD; *Linda Parker Pennington, et al., v. Tetra Tech, Inc., et al.*, Case No. 3:18-cv-05330-JD; *Kevin Abbey, et al., v. Tetra Tech EC, Inc., et al.*, Case No. 3:19-cv-07510-JD; *United States* ex rel. *Arthur R. Jahr, III, et al. v. Tetra Tech EC, Inc., et al.,,* Case No. 3:13-cv-03835-JD; *Five Point Holdings, LLC, et al., v. Tetra Tech, Inc., et al.*, Case No. 3:20-cv-01481; *CPHP Development, LP, et al., v. Tetra Tech, Inc., et al.*, Case No. 3:20-cv-01485.

o. OTHER BIOMONITORING PROGRAMS refers to studies, other than the BIOMONITORING STUDIES, that measured and/or compared levels of contaminants in people in a specific geographic area. One OTHER BIOMONITORING PROGRAM, for example, is the California Regional Exposure (CARE) Study, the details of which are available at https://biomonitoring.ca.gov/care.

## INSTRUCTIONS

1. Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other PERSONS directly or indirectly employed or retained by YOU, or in connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2. Any comments, notations or markings appearing on any DOCUMENTS or ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT or ELECTRONIC RECORDS, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORDS.

3. All DOCUMENTS and ELECTRONIC RECORDS requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

4. All DOCUMENTS requested herein should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

5. Any DOCUMENT attached to another DOCUMENT must not be separated.

6. In the event that any DOCUMENT or ELECTRONIC RECORD called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; PERSON authorizing the disposal; and PERSON disposing of the DOCUMENT or ELECTRONIC RECORD.

7. Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa. Further, the terms "all," "any," or "each" encompass any and all of the matter discussed.

8. If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such DOCUMENT: (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the basis of any claim of privilege; and (7) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

## DOCUMENTS TO BE PRODUCED

1. All COMMUNICATIONS with the BONNER LAW FIRM RELATING TO the BIOMONITORING STUDIES or HPNS.
2. All COMMUNICATIONS with Dr. Ahimsa Sumchai RELATING TO the BIOMONITORING STUDIES or HPNS.
3. All COMMUNICATIONS with COMMUNITY MEMBERS RELATING TO the BIOMONITORING STUDIES or HPNS. For the avoidance of doubt, this request includes but is not limited to any BIOMONITORING STUDIES questionnaires or other intake forms that COMMUNITY MEMBERS filled out.
4. All COMMUNICATIONS with any local, state, or federal government entity or agency RELATING TO the BIOMONITORING STUDIES or HPNS.
5. All COMMUNICATIONS with Dr. Ahimsa Sumchai or other BIOMONITORING STUDIES PARTNERS RELATING TO the BIOMONITORING STUDIES or HPNS.
6. All COMMUNICATIONS YOU made publicly, whether orally or in writing, including but not limited to articles, statements, posts, videos, or statements made to or through news stations, radio shows, reporters, the San Francisco Civil Grand Jury, press outlets,

media outlets, journals, social media, or any other online platform or application RELATING TO the BIOMONITORING STUDIES or HPNS.

7. ALL DOCUMENTS that YOU provided to any local, state, or federal government entity or agency RELATING TO the BIOMONITORING STUDIES or HPNS.

8. All COMMUNICATIONS with GENOVA DIAGNOSTICS RELATING TO the BIOMONITORING STUDIES or HPNS.

9. All DOCUMENTS RELATING TO GENOVA DIAGNOSTICS' measurements, element profiles, or analytical methods used in connection with the BIOMONITORING STUDIES, including but not limited to the Comprehensive Urine Element Profile, which analytes were selected for analysis, how levels of analytes in urine samples were measured, whether the analytical method measures the concentration of radioactive isotopes, how the REFERENCE RANGE was determined, and how the REFERENCE RANGE RELATES TO levels of analytes that will cause disease(s).

10. ALL DOCUMENTS supporting YOUR statement in the May 21, 2022 in the virtual discussion, at https://www.youtube.com/watch?v=HxKB7bP-mU0, that the BIOMONITORING STUDIES LAB RESULTS for cesium and strontium are "far higher than the background level in the United States."

11. ALL DOCUMENTS supporting YOUR statement in the May 21, 2022 in the virtual discussion, at https://www.youtube.com/watch?v=HxKB7bP-mU0, that the BIOMONITORING STUDIES LAB RESULTS are "even higher than what's found in California."

12. ALL DOCUMENTS comparing the BIOMONITORING STUDIES to OTHER BIOMONITORING PROGRAMS.

13. ALL DOCUMENTS supporting YOUR statement in the May 21, 2022 in the virtual discussion, at https://www.youtube.com/watch?v=HxKB7bP-mU0, that there is evidence of "radiation induced" cancers near HPNS.

14. ALL DOCUMENTS supporting YOUR statement that it's "iron clad" that "there is a cancer cluster" near HPNS, which YOU are quoted as stating in the article entitled "'We feel abandoned': Bayview protest highlights ongoing toxic waste scandal," published by *48hills.org*, on February 14, 2022.

15. All DOCUMENTS RELATING TO hypotheses, goals, purposes, or objectives in the BIOMONITORING STUDIES.

16. All DOCUMENTS RELATING TO principles, methods, procedures, study designs, or protocols created, drafted, or used for the BIOMONITORING STUDIES, including but not limited to those RELATING TO urine sample collection.

17. All DOCUMENTS RELATING TO whether the BIOMONITORING STUDIES measured, evaluated, analyzed, or produced results showing the presence of specific radioactive isotopes including but not limited to cesium-137, radium-226, strontium-90, and uranium-235.

18. All DOCUMENTS RELATING TO background levels of analytes studied in the BIOMONITORING STUDIES, including but not limited to background levels found across the San Francisco Bay Area and California more broadly.

19. DOCUMENTS sufficient to show all payments YOU have received from the BONNER LAW FIRM.

20. DOCUMENTS sufficient to show all payments YOU have received RELATED TO the HPNS LITIGATIONS.

21. DOCUMENTS sufficient to show all payments YOU have received RELATED TO the BIOMONITORING STUDIES.

22. ALL DOCUMENTS RELATED TO the BIOMONITORING STUDIES, including all results, LAB RESULTS, data, information, summaries, presentation, and/or other compilations YOU received or created.

23. All DOCUMENTS RELATING TO COMMUNITY MEMBERS' exposure to analytes studied in the BIOMONITORING STUDIES, including but not limited to models characterizing different magnitudes of exposure.