# Exhibit 1

WILMER CUTLER PICKERING
  HALE AND DORR LLP
DAVINA PUJARI (SBN 183407)
Davina.Pujari@wilmerhale.com
CHRISTOPHER A. RHEINHEIMER (SBN 253890)
Chris.Rheinheimer@wilmerhale.com
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone:    (628) 235-1000
Facsimile:    (628) 235-1001

WILMER CUTLER PICKERING
  HALE AND DORR LLP
CHRISTOPHER T. CASAMASSIMA (SBN 211280)
Chris.Casamassima@wilmerhale.com
GEMMA BATEMAN (SBN 329471)
Gemma.Bateman@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Attorneys for Defendants
TETRA TECH EC, INC. and TETRA TECH, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, *et al.*<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TETRA TECH EC, INC., *et al*.<br><br>　　　　　　　　　Defendants. | Case No. 3:19-cv-01417-JD<br><br>Related To:  Case No. 3:18-cv-05330-JD and<br>　　　　　　　Case No. 3:19-cv-07510-JD<br><br>Assigned to Hon. James Donato Courtroom 11<br><br>**DEFENDANTS TETRA TECH EC, INC. AND TETRA TECH, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF SHARON CONNER** |

PROPOUNDING PARTY:　　Defendants Tetra Tech EC, Inc. and Tetra Tech, Inc.

RESPONDING PARTY:　　　Plaintiff SHARON CONNER

SET NO.:　　　　　　　　　One

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Tetra Tech EC, Inc. and Tetra Tech, Inc. request that the Plaintiff produce and permit Defendants Tetra Tech EC, Inc. and Tetra Tech, Inc. to inspect, copy, test, or sample the following items in Plaintiff's possession, custody, or control, by January 9, 2023, or at another mutually agreeable time and place.

## INSTRUCTIONS

The following instructions apply to the requests below and should be considered part of each request.

Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or in connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

Any comments, notations or markings appearing on any DOCUMENTS or ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT or ELECTRONIC RECORD, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORD.

All DOCUMENTS and ELECTRONIC RECORDS requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

All DOCUMENTS requested herein should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

Any DOCUMENT attached to another DOCUMENT must not be separated.

In the event that any DOCUMENT or ELECTRONIC RECORD called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ELECTRONIC RECORD.

Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa. Further, the terms "all," "any," or "each" encompass any and all of the matter discussed.

If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such DOCUMENT: (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the basis of any claim of privilege; and (7) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

## DEFINITIONS

The following definitions apply to the instructions above and requests set forth below:

A.   "PERSON(S)" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity, or any other form of legal entity.

B.      "COMPLAINT" means the Fifth Amended Complaint (ECF No. 114) in the above-captioned action filed in the United States District Court for the Northern District of California on April 30, 2021, entitled *BAYVIEW HUNTERS POINT RESIDENTS, et al., v. Tetra Tech EC, Inc., et al.,* Case No. 3:19-cv-01417-JD ("BVHP").

C.      "DOCUMENT" or "DOCUMENTS" shall mean all documents, electronically stored information, and tangible things as described in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes.  Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.  DOCUMENTS expressly include all written or electronic COMMUNICATIONS and ELECTRONIC RECORDS.

D.      "ELECTRONIC RECORDS" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or

-3-

highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  ELECTRONIC RECORDS includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exists in an active file, deleted file, or file fragment.  ELECTRONIC RECORDS includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal.  ELECTRONIC RECORDS also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

  E. "COMMUNICATION(S)" means any oral, written, or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

  F. "RELATING TO," "RELATED TO" or "RELATE(S) TO" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

  G. "HPNS" means any portion of the former Hunters Point Naval Shipyard in San Francisco, California.

  H. "TtEC" means Defendant Tetra Tech, EC Inc., and certain of its predecessor companies as referenced in Paragraph 17 of the COMPLAINT.

  I. "TETRA TECH RELATED ENTITY" or "TETRA TECH RELATED ENTITIES" means any one or more of Tetra Tech, Inc.; Tetra Tech EC, Inc.; Tetra Tech EM, Inc.; PRC Environmental Management, Inc.; Foster Wheeler Environmental Corporation; and Tetra Tech FW, Inc., and any officer, employee, representative, or agent thereof.

J. "NAVY" means any division, subdivision, command, commission, committee, office, or department of the United States Department of the Navy, including but not limited to the Naval Facilities Engineering Command ("NAVFAC") and the Base Realignment and Closure Program Office ("BRAC"), and any officer, member, employee, representative, or agent thereof.

K. "CDPH" means the California Department of Public Health and any officer, employee, representative, or agent thereof.

L. "CCSF" means the City and County of San Francisco, or each of them, and their agents, departments, component agencies, and employees.

M. "PLAINTIFF," "YOU" and "YOUR" means the Responding Party to these Requests for Production and any and all present or former employees and agents, including attorneys, investigators, representatives, or other PERSONS acting on behalf of the Responding Party.

N. "BVHP PLAINTIFFS" shall mean all Plaintiffs, including YOU, identified in the COMPLAINT.

O. "BAYVIEW" shall mean the geographic area as defined in Paragraph 15 of YOUR COMPLAINT.

P. "DEVELOPER ENTITY" means any one or more of Defendant Five Point Holdings, LLC and any past or present subsidiaries thereof, Defendant Lennar Corporation and any past or present subsidiaries thereof, and any officer, employee, representative, or agent thereof.

**REQUESTED DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND OTHER TANGIBLE THINGS**

**REQUEST NO. 1:**

All DOCUMENTS RELATING TO any representation that YOU allege TETRA TECH RELATED ENTITIES made to YOU RELATED TO BAYVIEW or HPNS.

**REQUEST NO. 2:**

All DOCUMENTS RELATING TO any representation that YOU allege TETRA TECH RELATED ENTITIES made to the NAVY, CCSF, or CDPH RELATED TO BAYVIEW or HPNS.

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any TETRA TECH RELATED ENTITY.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any federal, state, or local government agency RELATED TO BAYVIEW, including but not limited to the NAVY, CCSF, or CDPH.

**REQUEST NO. 5:**

All DOCUMENTS RELATING TO YOUR allegation in Paragraph 150 of YOUR COMPLAINT that "[c]hildren from [BAYVIEW] suffer from exceedingly high rates of asthma, mothers from [BAYVIEW] fall persistently sick with breast cancer, [BAYVIEW] fathers struggle with unusually high incidences of cardiovascular diseases, while [BAYVIEW] families overall suffer with a myriad of illnesses caused predominantly by exposure to the toxic soup left by the United States[.]"

**REQUEST NO. 6:**

All DOCUMENTS RELATING TO YOUR allegation that YOUR "fear . . . began back in 2004" RELATED TO TETRA TECH RELATED ENTITIES' "digging and construction" as referred to in Paragraph 155 of YOUR COMPLAINT.

**REQUEST NO. 7:**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any DEVELOPER ENTITY.

| | |
|---|---|
| Dated: December 2, 2022 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By:  /s/*Christopher A. Rheinheimer*<br>DAVINA PUJARI<br>CHRISTOPHER T. CASAMASSIMA<br>CHRISTOPHER A. RHEINHEIMER<br>GEMMA BATEMAN |
| | *Attorneys for Defendants* Tetra Tech, Inc. and Tetra Tech EC, Inc |