CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF CHARLES A. BONNER**
475 GATE FIVE RD, SUITE 211
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFFS

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, DANIELLE CARPENTER, CHRISTOPHER CARPENTER, DECEASED, BY DANIELLE CARPENTER, REPRESENTATIVE AND SUCCESSOR IN INTEREST; CATHERINE MUHAMMAD, *Including All Parties Listed In Exhibit A*; and Doe Plaintiffs 1-40,000, on behalf of themselves, and all others similarly situated,<br><br>　　Plaintiffs,<br>　　vs.<br>TETRA TECH EC, INC.; TETRA TECH, INC; DAN L. BATRACK, *In his Individual and Official Capacity*, CHAIRMAN, CHIEF EXECUTIVE OFFICER and PRESIDENT of TETRA TECH; STEVEN M. BURDICK, *In his Individual and Official Capacity,* EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER OF TETRA TECH; STEPHEN C. ROLFE, *In his Individual and Official Capacity,* MANAGING AGENT OF TETRA TECH EC INC.; JUSTIN E. HUBBARD, *In his Individual and Official Capacity,* MANAGING AGENT OF TETRA TECH EC INC.; LENNAR CORPORATION; and FIVE POINT HOLDINGS, LLC., and DOES 1-100 Inclusive,<br><br>　　　　Defendants. | **Case No.: 3:19-cv-01417-JD**<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO DISMISS THE CLASS ALLEGATIONS AND FILE A SIXTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE:** Thursday August 17, 2023<br>**TIME:**   10:00 am<br>**DEPT.:**  11<br>**JUDGE: HONORABLE J. DONATO** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on Thursday August 17, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable James Donato, United States District Judge for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, the BAYVIEW HUNTERS POINT RESIDENT Plaintiffs will and hereby do move for leave to file a Sixth Amended Complaint, removing the class allegations and clarifying the claims against Defendants Lennar Corporation and Five Point Holdings, LLC (collectively, "Developers") and the Tetra Tech defendants. This motion is brought pursuant to Federal Rule of Civil Procedure ("Rule") 23

**Dated: July 6, 2023**

                                          **LAW OFFICES OF BONNER & BONNER**

                                          /s/*Charles A. Bonner*
                                          Charles A. Bonner
                                          Attorney for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION/BACKGROUND

The predominantly African American neighborhoods in Bayview Hunters Point brought this action to seek redress for their well-founded and reasonable belief that the fraudulent, criminal cleanup of the former Hunters Point Naval Shipyard ("HPNS") by Navy contractor Tetra Tech has exposed them to a risk of cancers, asthma, and other debilitating respiratory illnesses. Plaintiffs also named Developers as Defendants, seeking, among other things, an injunction to prevent Developers from proceeding with their development at HPNS "until thorough, complete, and verified test results prove that all the toxins and radioactive materials have been removed." (ECF 114 ¶ 269). Across four separate amended complaints, Plaintiffs intentionally did not name the Developers in any of the same causes of action as the ones asserted against Tetra Tech because they saw the Developers as the less culpable parties and as victims of Tetra Tech's fraud. Bonner Decl. ¶ 12.

On June 17, 2020, however, Plaintiffs learned that Defendant Lennar Corporation ("Lennar") had resumed its development efforts and was digging and excavating a section of Parcel A in the Hunters Point Shipyard directly adjacent to a chain-link fence dividing the Shipyard from a school and residences along Kiska Road. Bonner Decl. ¶ 13. Many different members of the community observed the digging and reported to their counsel. Bonner Decl. ¶ 14. Based on the videos and photographs of the digging, Plaintiffs believe that Lennar was not sufficiently implementing dust or particulates mitigation efforts. *Id.* Plaintiffs also contend that Lennar did not adequately provide them notice under Proposition 65, as required by California law. *Id.* Therefore, when Plaintiffs filed their Fifth Amended Complaint, they included additional allegations and causes of action against Developers and other information learned during the course of this litigation. Bonner Decl. ¶ 16.

On June 17, 2021, Plaintiffs filed a Motion for An Order To Show Cause Directing Defendant LENNAR and FIVE POINT to show why a temporary restraining order should not issue for their failure to comply with Proposition 65 regarding their release of toxic materials, including radionuclides (ECF No. 132, "Show Cause Motion"). Bonner Decl. ¶ 17.

Plaintiffs and Developers engaged in formal mediation efforts and negotiations before two neutral mediators, the Honorable Daniel Weinstein (Ret.) and Lizbeth Hasse, Esq. at JAMS, and were eventually able to reach an agreement on a proposed settlement of this action on November 23, 2021 (the "Settlement").  Bonner Decl. ¶ 15, 20 and 22).

On December 8, 2022, the Bay View Hunters Point Resident Plaintiffs, on behalf of themselves and those similarly situated, moved the Court for an order for preliminary approval of the Bayview Hunters Point Residents class action settlement with the Homebuilders (ECF 186). In the motion, the parties sought preliminary approval of a Settlement on behalf of the following class:

> All current residents of Postal Zip Code 94124 and any individuals who previously resided in Postal Zip Code 94124 at any time between January 1, 2004 and the date on which this Settlement Agreement receives preliminary approval, as well as all parties named in Amended Exhibit A to Plaintiffs' Fifth Amended Complaint. (ECF Doc 154).
>
> Excluded from the Class are those individuals whose claims against Developers have been released under the terms of the settlement agreement in *Pennington et al. v. Tetra Tech Inc., et al.*, Case No. 3:18-cv-05330 (N.D. Cal.), ECF Nos. 123-1, 224; the Judge presiding over this Action and members of the Court's staff; Developers, including Developers' subsidiaries, parent companies, successors, predecessors, and any entity in which Developers or its parents have a controlling interest and their current or former officers, directors, and employees; and Defense Counsel.

The Court denied the motion for preliminary approval. (ECF 191). In its order, the Court raised concerns regarding the "disparately situated" nature of the class members, stating, "The proposed class is made up of individuals who are disparately situated, such as those with wrongful death claims, those who lived in Hunters Point for decades, and others who may only have lived in Hunters Point for a period of months or weeks. It is not at all clear that common questions would predominate for this proposed class. Fed. R. Civ. P. 23(b)(3); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)." (ECF 191). During the argument on the motion, the Court also raised concerns about utilizing the zip code (94124) to define the class. (ECF 194 Transcript of

Proceeding 7:22-8:3). The Court also raised concerns regarding the scope of the release, which included releasing the homebuilders from all claims, including wrongful death claims. *Id.* at 12.

After careful consideration of the facts, evidence, and law, the Plaintiffs seek to file a Sixth Amended complaint, voluntarily dismissing the class allegations, moving forward as a mass action and more clearly delineating the claims against the Homebuilders and those against the Tetra Tech Defendants. A copy of the proposed Sixth Amended Complaint is attached to the Declaration of Charles A. Bonner as Exhibit A.

## II. ARGUMENT

### A. THIS COURT SHOULD GRANT PLAINTIFFS' MOTION TO AMEND

Federal Rule of Civil Procedure Rule 15 (a)(2) provides the following: Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed Rules Civ Proc R 15.

Prior to seeking a Court order to file a Sixth Amended Complaint, and before the deadline to file a motion for class certification, Plaintiffs reached out to the Defendants, requesting a stipulation to file a Sixth Amended Complaint. Bonner Decl. ¶ 23. The three Defendants all declined to stipulate to an order granting Plaintiffs leave to file a Sixth Amended Complaint. As a result, Plaintiffs filed this motion. *Id.*

**1. The Sixth Amended Complaint Properly Seeks to Remove the Class Allegation**

Plaintiffs initiated this lawsuit after learning about how their community was being devastated by the contamination that Tetra Tech was supposed to clean up. Bonner Decl. ¶¶ 5-6. During the course of litigation, there were many community meetings discussing the impact of Tetra Tech's eco fraud. *Id.* At these meetings, the overwhelming majority of the people who were present, approximately 200-300 at any given meeting, were suffering various illnesses they believed were caused by the toxic releases from the Shipyard, including radiation. *Id.*

In addition to meeting with the community members, prior to filing the class action law suit, Plaintiffs' counsel engaged in substantial and extensive research into the history of the Hunters Point Naval Shipyard, the contamination, the superfund site, Tetra Tech's failure to

perform the contracted-for clean-up, and many reports and findings regarding Tetra Tech's fraud. Bonner Decl. ¶ 6. Counsel reviewed various medical articles regarding the health effects of ionizing radiation and medical studies regarding cancer rates in Hunters Point being significantly higher than cancer rates in other Bay Area locations. *Id.* Counsel also consulted with experts in the matter of radiation, including Chris Busby, Ph.D., Mark Alexander, M.D., an epidemiologist, and Ahimsa Porter Sumchai, MD, who had conducted numerous urine analyses of people living in Hunters Point. The various urine analyses reflected residual radionuclides in their urine that could only have been caused by the radiation at the Shipyard. *Id.*

On May 1, 2018, Plaintiffs filed the initial complaint in San Francisco Superior Court of California on behalf of only 149 individuals and a putative class of over 38,000 residents. Plaintiffs filed as a class action in an attempt to create a pathway for recovery for all impacted residents. Bonner Decl. ¶ 7.

On February 13, 2019, Bonner & Bonner filed, and served on Tetra Tech, the Second Amended Complaint, on behalf of 2555 plaintiffs and the putative class of individuals who lived or spent significant time in the 94124 Zip Code. (ECF Doc 1- Notice of Removal). The lawsuit was open to residents and non-residents as long as the individuals had significant contact with the 94124 Zip Code. Bonner Decl. ¶ 8.

By Stipulation, on November 18, 2019, Bonner & Bonner filed a Third Amended Complaint on behalf of 3929 individual named plaintiffs and a putative class (ECF 29).

Following a further stipulation, On March 20, 2020, Bonner & Bonner filed a Fourth Amended Complaint ("4th AC") (ECF 43). The 4th AC named Defendants LENNAR, INC. and FIVE POINT HOLDINGS, LLC, solely in the thirteenth cause of action for injunctive relief. Bonner Decl. ¶ 11. Paragraph 239 of the Fourth Amended Complaint states the following: "Plaintiffs have repeatedly demanded that DEFENDANTS stop the development until thorough, complete, and verified test results prove that all the toxins and radioactive materials have been removed, but DEFENDANTS have ignored Plaintiffs' demands." Plaintiffs named the Homebuilders in an effort to prevent them from taking further steps to develop the property and thereby potentially release additional toxins into the community. (ECF 43).

On or about April 30, 2021, PLAINTIFFS filed their Fifth Amended Complaint, which included additional substantive allegations against the Homebuilders (ECF 114). However, the Fifth Amended Complaint did not adequately distinguish between the conduct of the Homebuilders and that of Tetra Tech, combining the allegations against the Defendants in the same causes of action. Bonner Decl. ¶ 16.

On June 17, 2021, Plaintiffs filed a Motion for An Order To Show Cause Directing Defendant LENNAR and FIVE POINT to show why a temporary restraining order should not issue for their failure to comply with Proposition 65 regarding their release of toxic materials, including radionuclides (ECF 132, "Show Cause Motion").

On September 21, 2021, Plaintiffs filed an amended and corrected Exhibit A listing 9,517 individually named Plaintiffs in the Fifth Amended Complaint (ECF 154).

The initial complaints were styled as class actions, with the intention to provide recovery to as many affected community members as possible. Having more than 9,500 individual Plaintiffs has obviated the need for a broader class action.

Further, after careful consideration of the Court's order, a class is likely not legally recognizable, given the "disparately situated" nature of the class members. (ECF 191). Further, given the numerous ways potential class members could have contact with the Hunters Point community, e.g., as a resident, as a student, as an employee, or as a parishioner, identifying, noticing, and verifying proper class members is not practicable. Based on these facts, Plaintiffs seek to dismiss their class allegations and move forward solely with the 9,500 named Plaintiffs.

### 2. The Dismissal of the Class Allegations is Pre-Certification and Not For the Purpose of Settlement

Court approval is only required to voluntarily dismiss the claims of a certified class, or a class proposed for settlement. "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed Rules Civ Proc R 23(e). Here, dismissal is

sought prior to certification and after the rejection of the proposed class settlement. (*See* ECF 191):

> The proposed class is made up of individuals who are disparately situated, such as those with wrongful death claims, those who lived in Hunters Point for decades, and others who may only have lived in Hunters Point for a period of months or weeks. It is not at all clear that common questions would predominate for this proposed class. Fed. R. Civ. P. 23(b)(3); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

Further, the Court rejected a class based on the 94124-zip code:

> "I also don't really understand this Post Office -- sorry, postal code designation 94124 as the definition of the class. I don't know -- there's no explanation. Is that post zip code area? Is it the same as the Hunters Point Naval Station? Is it next to it? Is it over inclusive? Is it under inclusive? I know it's convenient, but I just didn't see how it related to the contamination at the Naval site."

ECF 194: Transcript of Proceedings. Accordingly, the class allegations are being removed from the case but not dismissed with prejudice to the putative class members and therefore, the claims are not resolved and can still be acted upon by the putative class. *See Notes of Advisory Committee on 2003 amendments:*

> "Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be — and at times was — read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."

Based on the court's order and the comments during argument, and after further research, the deficiencies raised by the court cannot be fixed. The relief requested by Plaintiffs will not prejudice putative class members. They are not bound by any agreement and the class allegations

are not being dismissed with prejudice. Further, give the large number of named Plaintiffs whose cases will continue in the mass action, individuals with valid claims who chose to participate in the lawsuit will still have an opportunity for recovery.

### 3. The Sixth Amended Complaint Properly Seeks to More Clearly Delineate the Claims Against the Homebuilders and Tetra Tech

The Tetra Tech Defendants are primarily responsible for the persistence of toxic soils at HPNS, which created the need for Developers to comply with and impose dust mitigation measures. As discussed above and as set forth in the motion for preliminary approval (ECF 186 pg 9), Developers were initially named as Defendants primarily in an effort to prevent further development of Parcel A, and Plaintiffs only recently brought additional causes of action against Developers after Plaintiffs became aware that Lennar had resumed excavating and digging without complying with either Proposition 65 notice requirements and/or dust or particulate mitigation requirements.

However, in the Fifth Amended Complaint, Plaintiffs failed to clearly delineate and differentiate between the claims against the Homebuilders as opposed to the claims against the Tetra Tech Defendants. This failure caused confusion during the hearing on Plaintiffs' Motion for Preliminary Approval when explaining that the gravamen of the complaint against the Homebuilders was the 2020 digging. The Sixth Amended Complaint seeks to clarify the allegations and separate the claims against the Homebuilders from those against Tetra Tech. This request is consistent with Federal Rule of Civil Procedure Rule 15 (a)(2).

### 4. The Sixth Amended Complaint Does Not Add Any Additional Cause of Action, Allegations, or Plaintiffs

The Proposed Sixth Amended Complaint does not add any additional causes of action, nor does is add additional facts or allegations. Rather, it streamlines the causes of action, removing those causes of action dismissed by the Court. (See ECF 174) and separating the causes of action against Tetra Tech from those against the Homebuilders. Further, the Sixth Amended Complaint removes factual allegations that primarily related to the dismissed fourth and sixth causes of action.

The Proposed Sixth Amended Complaint does not seek to add any additional Plaintiffs and will relate back to the Plaintiffs named in the Amended Exhibit A (ECF 154)

### III.   CONCLUSION

Good cause exists for an order granting the Motion to Dismiss The Class Allegations And File A Sixth Amended Complaint because of the diverse damages, injuries and loss suffered by the Plaintiffs. Some Plaintiffs have cancer, respiratory illnesses, rashes, and various other health problems associated with and caused by the releases of toxins in the community. Other Plaintiffs have claims for wrongful death. This diverse array of claims will not comply with Fed. Rule 23 for class certification. Judicial economy will benefit from this case proceeding as a "Mass Action", rather than a Class Action. Hence, this Motion for leave to Dismiss The Class Allegations And File A Sixth Amended Complaint.

**Dated: July 6, 2023**                         **Respectfully submitted.**

                                                **LAW OFFICES OF BONNER & BONNER**


                                                /s/*Charles A. Bonner*
                                                Charles A. Bonner
                                                Attorney for Plaintiffs