CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF CHARLES A. BONNER**
475 GATE FIVE RD, SUITE 211
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, DANIELLE CARPENTER, CHRISTOPHER CARPENTER, DECEASED, BY DANIELLE CARPENTER, REPRESENTATIVE AND SUCCESSOR IN INTEREST; CATHERINE MUHAMMAD, *Including All Parties Listed In Exhibit A*; and Doe Plaintiffs 1-40,000, on behalf of themselves, and all others similarly situated,<br>   Plaintiffs,<br>  vs.<br>TETRA TECH EC, INC.; TETRA TECH, INC; DAN L. BATRACK, *In his Individual and Official Capacity*, CHAIRMAN, CHIEF EXECUTIVE OFFICER and PRESIDENT of TETRA TECH; STEVEN M. BURDICK, *In his Individual and Official Capacity,* EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER OF TETRA TECH; STEPHEN C. ROLFE, *In his Individual and Official Capacity,* MANAGING AGENT OF TETRA TECH EC INC.; JUSTIN E. HUBBARD, *In his Individual and Official Capacity,* MANAGING AGENT OF TETRA TECH EC INC.; LENNAR CORPORATION; and FIVE POINT HOLDINGS, LLC., and DOES 1-100 Inclusive,<br>   Defendants. | Case No.: 3:19-cv-01417-JD<br><br>**DECLARATION OF CHARLES A. BONNER IN SUPPORT OF MOTION FOR LEAVE TO DISMISS THE CLASS ALLEGATIONS AND FILE A SIXTH AMENDED COMPLAINT**<br><br>DATE: Thursday August 17, 2023<br>TIME:   10:00 am<br>DEPT.:  11<br>JUDGE: HONORABLE J. DONATO |

DECLARATION OF CHARLES A. BONNER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF *BAYVIEW HUNTERS POINT RESIDENTS* CLASS ACTION SETTLEMENT
Case No.: 3:19-cv-01417-JD

I, CHARLES A. BONNER, declare as follows:

1. I am an attorney duly licensed by the State of California duly to practice law before all courts in the State of California, including the United States District Court for the Northern District of California.

2. My business address is 475 GATE FIVE ROAD, SUITE 211, SAUSALITO, CA 94965.

3. I have personal knowledge of the matters set forth herein, except those stated on information and belief. If called as a witness, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. § 1746.

4. I make this Declaration in support of the BAYVIEW HUNTERS POINT RESIDENT PLAINTIFFS' REQUEST FOR LEAVE TO DISMISS THE CLASS ALLEGATIONS AND FILE A SIXTH AMENDED COMPLAINT.

5. I have been involved in this litigation since its inception. Bonner & Bonner was initially alerted to Tetra Tech's fraud when we were contacted by individuals from the Muhammad University of Islam, which is located directly next to Parcel A in Hunters Point. I met with Catherine Muhammad, Rashida Adul Muhammad, Danielle Carpenter, and other members of the Hunters Point Community. These individuals explained to me how their community was being devastated by the contamination that Tetra Tech was supposed to clean up. We took this case on a contingency basis. During the course of the litigation, I have held frequent meetings with the community at large and with community leaders. At these meetings, the overwhelming majority of the people who were present, approximately 200-300 at any given meeting, were suffering various illnesses they believe were caused by the toxic releases from the Shipyard, including radiation. Our office initially filed the case on behalf of several hundred community members. We currently represent more than 9000 community members who live or spent significant time in the 94124 Zip Code.

6. In addition to meeting with the community members, prior to filing the class action, I engaged in substantial and extensive research into the history of the Hunters Point Naval Shipyard, the contamination, the superfund site, Tetra Tech's failure to perform the contracted-for

DECLARATION OF CHARLES A. BONNER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF *BAYVIEW HUNTERS POINT RESIDENTS* CLASS ACTION SETTLEMENT WITH HOMEBUILDER DEFENDANTS

Case No.: 3:19-cv-01417-JD                                                                                                    1

clean-up, and many reports and findings regarding Tetra Tech's fraud. I also reviewed various medical articles regarding the health effects of ionizing radiation and medical studies regarding cancer rates in Hunters Point being significantly higher than cancer rates in other Bay Area locations. I also consulted with experts in the matter of radiation, including Chris Busby, PhD, Mark Alexander, M.D., an epidemiologist, and Ahimsa Porter Sumchai, MD, who had conducted numerous urine analyses of people living in Hunters Point. The various urine analyses reflected residual radionuclides in their urine that could only have been caused by the radiation at the Shipyard.

7. After considerable review of documents and meetings with the community at large and with community leaders, on May 1, 2018, Plaintiffs filed the initial complaint in San Francisco Superior Court of California on behalf of only 149 individuals and a putative class of over 38,000 residents. Plaintiffs filed as a class action in an attempt to create a pathway for recovery for all impacted residents.

8. On February 13, 2019, Bonner & Bonner filed and served on Tetra Tech, the Second Amended Complaint on behalf of 2555 Plaintiffs and the putative class of individuals who lived or spent significant time in the 94124 Zip Code. (ECF Doc 1- Notice of Removal). The lawsuit was open to residents and non-residents, as long as the individuals had significant contact with the 94124 Zip Code.

9. The Second Amended Complaint named two groups of Defendants: the Tetra Tech Defendants and the Homebuilder Defendants. The Tetra Tech Defendants included the following Defendants: TETRA TECH EC, INC.; TETRA TECH, INC; DAN L. BATRACK, In his Individual and Official Capacity, CHAIRMAN, CHIEF EXECUTIVE OFFICER and PRESIDENT of TETRA TECH; STEVEN M. BURDICK, In his Individual and Official Capacity, EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER OF TETRA TECH; STEPHEN C. ROLFE, In his Individual and Official Capacity, MANAGING AGENT OF TETRA TECH EC INC.; JUSTIN E. HUBBARD, In his Individual and Official Capacity, MANAGING AGENT OF TETRA TECH EC INC. The Homebuilder Defendants included LENNAR CORPORATION and FIVE POINT HOLDINGS, LLC.

10. By Stipulation, on November 18, 2019, Bonner & Bonner filed a Third Amended Complaint on behalf of 3,929 class members (ECF Doc 29).

11. Following a further stipulation, on March 20, 2020, Bonner & Bonner filed a Fourth Amended Complaint ("4th AC") (ECF Doc 43). The 4th AC named Defendants LENNAR CORPORATION and FIVE POINT HOLDINGS, LLC (collectively, the "Homebuilders") solely in the thirteenth cause of action for injunctive relief. Paragraph 239 of the Fourth Amended Complaint states the following: "Plaintiffs have repeatedly demanded that DEFENDANTS stop the development until thorough, complete, and verified test results prove that all the toxins and radioactive materials have been removed, but DEFENDANTS have ignored Plaintiffs' demands." Plaintiffs named the Homebuilders in an effort to prevent them from taking further steps to develop the property and thereby potentially release additional toxins into the community.

12. Across four separate amended complaints, Plaintiffs intentionally did not name the Developers in any of the same causes of action as the ones asserted against Tetra Tech because they saw the Developers as the less culpable parties and as victims of Tetra Tech's fraud.

13. On June 17, 2020, Plaintiffs learned that the Homebuilders re-commenced their development efforts and were digging and excavating a section of Parcel A in the Hunters Point Shipyard directly adjacent to a chain-link fence dividing the Shipyard from a school and residences along Kiska Road.

14. Many different members of the community observed the digging and reported it to our office and me personally. Based on the videos and photographs of the digging, it appeared that the workers were not utilizing sufficient dust or particulate mitigation efforts. Members of the community indicated that they had not received notice from Lennar under California's Proposition 65 law.

15. In an effort to address and resolve Plaintiffs' claims, on or about October 2020, the Homebuilders agreed to engage in mediation, engaging the services of mediators, Judge Daniel Weinstein (Ret.) and Lizbeth Hasse, Esq. Plaintiffs had three demands of the Homebuilders: 1) provide assurance that future excavation and development would be undertaken in a safe and compliant manner by engaging a third party entity to monitor LENNAR'S construction within the

Naval base; 2) provide funding devoted to medical monitoring in the community; and 3) money damages.

16. On or about April 30, 2021, Plaintiffs filed their Fifth Amended Complaint, which included additional allegations against the Homebuilders (ECF No. 114). We added those allegations against the Homebuilders in response to the new digging. However, the Fifth Amended Complaint did not adequately distinguish between the conduct of the Homebuilders and that of Tetra Tech, combining the allegations against the Defendants in the same causes of action.

17. On June 17, 2021, Plaintiffs filed a Motion for An Order To Show Cause Directing Defendant LENNAR and FIVE POINT to show why a temporary restraining order should not issue for their failure to comply with Proposition 65 regarding their release of toxic materials, including radionuclides (ECF No. 132, "Show Cause Motion").

18. On September 21, 2021, Plaintiffs filed an amended and corrected Exhibit A listing 9,517 Plaintiffs named in the Fifth Amended Complaint (ECF No 154).

19. On October 19, 2021, Defendants Tetra Tech EC, Inc., Tetra Tech, Inc, Dan L. Batrack, and Steven M. Burdick, brought a motion to dismiss Plaintiff's Fifth Amended Complaint. On October 19, 2021, the Homebuilder Defendants Joined Tetra Tech's motion to dismiss.

20. While the Homebuilders joined in Tetra Tech's motion to dismiss, the parties continued to engage in mediation. To this end, the parties engaged in extended back-and-forth communication, through the mediators, on the factual and legal issues surrounding Plaintiffs' Order to Show Cause. This required further additional investigation into the facts and law surrounding the Homebuilder's conduct on Parcel A.

21. Additionally, in response to Plaintiffs' Show Cause Motion, the Homebuilder Defendants propounded written discovery and took depositions of several individuals who provided the declarations that were attached to the Show Cause Motion.

22. Plaintiffs and the Homebuilders continued with their mediation efforts before Judge Weinstein and Lizbeth Hasse. On November 23, 2021, in response to a mediator's proposal, Plaintiffs and the Homebuilders entered into a settlement agreement subject to Court approval.

23. Prior to filing this Motion and before the deadline for file a motion for class certification, our office provided the Tetra Tech and Homebuilder Defendants with a copy of the proposed Sixth Amended Complaint and a request that the Defendants stipulate to an order granting Plaintiffs leave to file the Sixth Amended Complaint. None of the three Defendants agreed to stipulate to an order granting Plaintiffs leave to file a Sixth Amended Complaint

24. Attached to this declaration as Exhibit A is the Proposed Sixth Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on this 6th day of July, 2023 in Sausalito, California.

/s/*Charles A. Bonner*
Charles A. Bonner
Attorney for Plaintiffs

DECLARATION OF CHARLES A. BONNER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF *BAYVIEW HUNTERS POINT RESIDENTS* CLASS ACTION SETTLEMENT WITH HOMEBUILDER DEFENDANTS

Case No.: 3:19-cv-01417-JD                                           5