UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PARKER PENNINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH EC, INC., *et al*, <br><br> Defendants. | **JOINT STATUS CONFERENCE STATEMENT** <br><br> **Assigned to Hon. Judge James Donato** <br><br> Case No. 3:18-cv-05330-JD |
| BAYVIEW HUNTERS POINT RESIDENTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH EC, INC., *et al*, <br><br> Defendants. | Case No. 3:19-cv-01417-JD |
| KEVIN ABBEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH EC, INC., *et al.*, <br><br> Defendants. | Case No. 3:19-cv-07510-JD |
| CPHP DEVELOPMENT, LP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH EC, INC., *et al.*, <br><br> Defendants. | Case No. 3:20-cv-01485-JD |
| FIVE POINT HOLDINGS, LLP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TETRA TECH EC, INC., *et al.*, <br><br> Defendants. | Case No. 3:20-cv-01481-JD |

The parties in the following cases, by and through their respective counsel, jointly submit this Joint Status Conference Statement pursuant to the Court's March 29, 2024 Order and in advance of the May 16, 2024 status conference in the Parcel A Case, the Building 606 Case, the Residents' Case, and the Commercial Cases, which are defined as follows:

"**Parcel A Case**" is: *Pennington v. Tetra Tech, Inc. et al.*, Case No. 3:18-cv-05330-JD.

"**Building 606 Case**" is: *Kevin Abbey v. Tetra Tech EC, Inc. et al.*, Case No. 3:19-cv-07510-JD.

"**Residents' Case**" is: *Bayview Hunters Point Residents v. Tetra Tech EC, Inc., et al.*, Case No. 3:19-cv-01417-JD.

"**Commercial Cases**" are: *Five Point Holdings, LLC et al. v. Tetra Tech, Inc. et al.*, Case No. 3:20-cv-01481-JD) ("Five Point"); and *CPHP Development, LLC et al. v. Tetra Tech, Inc. et al.*, Case No. 3:20-cv-01485-JD ("Lennar").

All Parties named in the above referenced cases (collectively, the "Actions") are referred to collectively as the "Parties" or in the singular as a "Party."

## I.   TETRA TECH DEFENDANTS' STATEMENT

The motions administratively terminated by the Court are:

1) An unopposed motion for judgment on the pleadings on the UCL claim in the Parcel A Case (ECF 273 in Docket No. 18-5330);

2) A fully briefed class certification motion and a related *Daubert* motion in the Parcel A Case, filed by the deadline set by the Court (ECF 265, 276 in Docket No. 18-5330);

3) A summary judgment "concept" motion on statute of limitations grounds that would resolve all but two of the claims in the Commercial Cases (ECF 154 in Docket No. 20-1481; ECF 221 in Docket No. 20-1485);

4) A summary judgment "concept" motion that would resolve the nuisance claims in the Parcel A Case, Building 606 Case, and Residents' Case (ECF 293 in Docket No. 18-5330; ECF 238 in Docket No. 19-7510; ECF 239 in Docket No. 19-1417); and

5) A summary judgment motion that would resolve the claim for lost profits in the Parcel A Case (ECF 274 in Docket No. 18-5330).

On January 30, 2020, the Court requested that the parties file "'concept motions,' rather than case motions," explaining:

> [D]espite the fact that there are so many different cases, there are a number of overlapping legal issues… So for example, if there are first-to-file rules that cut across all the FCA cases, I would rather have one motion that deals with all of that…[Concept motions that] slice across the ECF organization, the docket organization, but will raise issues that affect multiple cases. I would prefer to do that for motions to dismiss, if you're going to do that, for summary judgment, anything else.

ECF 141, Tr. 34:19-35:12, *United States ex rel. Jahr et al. v. Tetra Tech EC, Inc. et al.*, No. 3:13-cv-03835-JD (Jan. 30, 2020). The Court's directive to file "concept" motions on overlapping issues across the cases, as opposed to having one summary judgment motion filed in each case, creates efficiency in these complex cases—where multiple parties have made the same claims against the same defendants. It would be inefficient to litigate the same legal issues in separate cases at different times. The Tetra Tech Defendants responded to the Court's request for "concept" motions by filing Motions (3) and (4). Both of those motions would narrow the claims, issues, and/or damages in several of the actions, and the record is sufficiently developed for the Court to adjudicate them now. Motions (1) and (2) relate to the Parcel A Plaintiffs' class certification motion filed according to the Case Management Order deadline set by the Court. ECF 325, Docket No. 13-3835. Pursuant to the Court's directive to provide guidance on how to "streamline and sequence the motions," ECF 303, Docket No. 18-5330,[1] the Tetra Tech Defendants propose the following sequence of motions for adjudication.

### A. Unopposed Motion for Partial Judgment on the Pleadings in the Parcel A Case

*First*, the Court should grant the Tetra Tech Defendants' unopposed Motion for Judgment on the Pleadings on the Parcel A Plaintiffs' UCL claims, filed on September 1, 2023. ECF 273, Docket No. 18-5330. The Court can promptly adjudicate this motion without a hearing—the Parcel A Plaintiffs filed a Statement of Non-Opposition on September 15, 2023. ECF 283, Docket No. 18-5330.

---

[1] *See also* ECF 253, No. 3:19-cv-01417l; ECF 251, No. 3:19-cv-07510; ECF 156, No. 3:20-cv-01481; ECF 223, No. 3:20-cv-01485 (collectively, "March 29 Order").

### B. Parcel A Plaintiffs' Fully Briefed Motion for Class Certification

***Second***, the Court should adjudicate the Parcel A Plaintiffs' Motion for Class Certification and the Tetra Tech Defendants' related *Daubert* Motion to Exclude the Declaration of Brett Reynolds. ECF 265, 276, Docket No. 18-5330. The motions were filed in compliance with the schedule in the Case Management Order (ECF 325, Docket No. 13- 3835) and are fully briefed. The parties would benefit from the resolution of the class action process and clarity on how to proceed going forward, including the necessity of conducting additional discovery of individual plaintiffs.

If the Court is inclined to hear oral arguments on the class certification and *Daubert* motions, the Tetra Tech Defendants propose a hearing on June 27, 2024 or the next available hearing date. The Tetra Tech Defendants understand the Parcel A Plaintiffs are amenable to these motions being heard on June 27, 2024 should that date work for the Court.

### C. Concept Motion for Summary Judgment on Statute of Limitations Against Commercial Cases Plaintiffs

***Third***, the Tetra Tech Defendants request that the Court rule on its motion for summary judgment on statute of limitations grounds against Lennar and Five Point in the Commercial Cases. ECF 154, Docket No. 20-1481; ECF 221, Docket No. 20-1485. This motion relates to two actions and would resolve all of the claims, except equitable indemnification. The Tetra Tech Defendants provided extensive factual support[2] to demonstrate that Lennar and Five Point were aware of the alleged "wrongful acts result[ing] in damages, even though the full extent of the injury" may have not yet been known. *See Goodrick v. Sonnen*, 473 F. App'x 758, 759 (9th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 391-92 (2007)); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (statute of limitations began to accrue when plaintiffs "should

---

[2] Some of the exhibits filed with this motion are hundreds of pages long, but the citations to those exhibits were limited. The Tetra Tech Defendants would be happy to file relevant excerpts of those exhibits to decrease the total page count of their filing.

have known that there was a chance, no matter how slight" that it had a claim for damages). As a result, all claims, but for equitable indemnification, are time-barred.

The Tetra Tech Defendants agree with the Five Point and Lennar Plaintiffs that briefing should be completed on this pending motion. As such, the Tetra Tech Defendants agree with the Five Point and Lennar Plaintiffs that oppositions be filed by June 7, 2024 and replies be filed by June 27, 2024.

### D. Concept Motion for Summary Judgment on Nuisance Claims in Parcel A, Building 606, and Residents' Cases

**Fourth**, the Court may rule on the Tetra Tech Defendants' Motion for Summary Judgment on the Nuisance claims in the Parcel A, Building 606, and Residents' Cases. Docket Nos. 18-5330; 19-1417; 19-7510. This motion affects three of the related Actions and would narrow the issues in the litigation by resolving six of the 25 claims brought by these Plaintiffs.

The Tetra Tech Defendants filed the motion on November 10, 2023. ECF 293, Docket No. 18-5330. Defendant William Dougherty filed a Notice of Joinder on November 16, 2023. ECF 294, Docket No. 18-5330. The Plaintiffs filed Rule 56(d) Motions in Response on December 1. ECF 243, Docket No. 19-1417. The Tetra Tech Defendants filed a Reply and Response to Plaintiffs' 56(d) Motions on December 8, 2023. ECF 297, Docket No. 18-5330. The page-count related to this motion, not including exhibits, is 62 pages.[3]

As explained in the Motion for Summary Judgment, to the extent a nuisance exists at Hunters Point because of alleged contamination (which the Tetra Tech Defendants dispute), the contamination was caused by the Navy and its lessee Triple A Machine Shop. TtEC's efforts to abate that contamination, no matter how flawed Plaintiffs allege them to be, did not cause the alleged nuisance. The Tetra Tech Defendants did not create or assist in the creation of the contamination, never possessed the land, and never leased the land. Plaintiffs do not dispute that the Navy and/or Triple A possessed the property during the time the land was contaminated. *See* Building 606 Complaint, ¶ 80. Accordingly, the nuisance claims fail as a matter of law. *See*

---

[3] The original motion is supported by exhibits, which the Tetra Tech Defendants would be happy to excerpt to reduce the total page count of the filing.

*Coppola v. Smith*, 935 F. Supp. 2d 993, 1018–19 (E.D. Cal. 2013). This a "concept" motion that, if granted, would narrow the issues and streamline these proceedings.

Now that discovery has sufficiently progressed to address whatever purported concerns Plaintiffs raised in their 56(d) response motions on December 1, 2023, the Tetra Tech Defendants propose that oppositions be filed by July 15, 2024, the reply be filed by August 5, 2024, and a hearing be set on September 5, 2024, or the next available date.

### E. Motion for Partial Summary Judgment on Parcel A Plaintiffs' Fraud-Based Claims for Lost Profits Damages

***Fifth***, the Tetra Tech Defendants request a ruling on the Motion for Partial Summary Judgment on Plaintiffs' Fraud-Based Claims for Lost Profits Damages in the Parcel A Case. ECF 274, Docket No. 18-5330. This motion is fully briefed and if granted would narrow the issues in the Parcel A Case. *See* ECF 274, 284, 288, Docket No. 18-5330.[4]

Although not a multi-case "concept" motion, ruling on the motion also dovetails with the analysis of class certification—therefore enhancing the efficiency of adjudicating related issues. Thus, the Tetra Tech Defendants propose that the motion be ruled on in conjunction with the class certification briefing in the Parcel A matter, or at some other time without a hearing.

*   *   *

---

[4] Two of the exhibits filed with this motion are 299 and 97 pages. For the convenience of the Court, the Tetra Tech Defendants can file relevant excerpts of those exhibits to decrease the total page count of the filing.

For ease of reference, the Tetra Tech Defendants provide the following table of proposed hearing dates and deadlines for outstanding opposition and replies.

| Motion | Proposed Hearing Date | Proposed Opposition Deadline | Proposed Reply Deadline |
|---|---|---|---|
| Unopposed Motion for Judgment on the Pleadings in Parcel A Case | N/A | *Fully briefed* | *Fully briefed* |
| Fully briefed Parcel A Plaintiffs' Motion for Class Certification and *Daubert* Motion | June 27, 2024, or next available date (*agreed by parties*) | *Fully briefed* | *Fully briefed* |
| Motion For Summary Judgment on Statute of Limitations in the Commercial Cases | A date to be set by the Court | June 7, 2024 (*agreed by parties*) | June 27, 2024 (*agreed by parties*) |
| Motion for Summary Judgment on Nuisance Claims in Parcel A, Building 606, and Residents' Cases | September 5, 2024, or next available date | July 15, 2024 | August 5, 2024 |
| Motion for Partial Summary Judgment on Parcel A Plaintiffs' Fraud-Based Claims for Lost Profits Damages | June 27, 2024, or next available date (in conjunction with Motion for Class Certification) | *Fully briefed* | *Fully briefed* |

The Tetra Tech Defendants will likely seek to file summary judgment motions in addition to the motions discussed above. Accordingly, should the Court allow the Tetra Tech Defendants to file only one motion for summary judgment in each case, the Tetra Tech Defendants will proceed accordingly after the close of fact discovery in lieu of the proposal set forth above (with the exception of the motion for judgment on the pleadings and class certification briefing).

## II. THE UNITED STATES' AND TETRA TECH DEFENDANTS' JOINT STATEMENT ON CERCLA DEPOSITIONS

The United States and the Tetra Tech Defendants have worked collaboratively to propose a fact discovery plan that will allow the Parties to complete discovery on the United States' Second Amended Complaint within the existing fact discovery time period. Following the Court's March 5, 2024 Order granting the United States' Motion for Leave to Amend and directing the Parties to meet and confer about "additional discovery" [that] will likely be necessary in light of the United States' amendment," ECF 371, Docket No. 13- 3835, the Parties filed a Stipulation and [Proposed] Order to address this additional discovery. ECF 395, Docket No. 13-3835. Among other things, the Parties stipulated that document productions will be completed by October 11, 2024, the Parties will mutually agree on "an order of custodians' documents to be produced," and the United States will make a "rolling production of documents" with each witness's custodial documents "produced at least 28 days prior to their deposition." The court signed off on the stipulation on May 6, 2024. ECF 398, Docket No. 13-3835.

After filing the Stipulation, the Parties mutually agreed upon the necessary order of custodial productions and depositions. Of the more than 150 potential depositions in this case, the Parties agreed that a small number of witnesses (8) would need to be deposed after the United States completes all productions related to the Second Amended Complaint. This sequencing is necessary because seven of those eight witnesses are expected to have testimony uniquely relevant to the Second Amended Complaint and all eight will likely be examined on material outside their direct custodial files (e.g., material upon which their names appear or for which they otherwise have personal knowledge). The United States and the Tetra Tech Defendants respectfully request that the Court apply the Stipulation and allow their proposed sequencing of productions and depositions, which is necessary to allow full and fair discovery of the United States' amendment within the existing fact discovery period.

One suggested alternative regarding these eight depositions is that they be split, with one day occurring this summer and the second day occurring after the October completion of production deadline. However, the United States believes the Court should reject splitting these

depositions because splitting these depositions would undermine the approach set forth in the Case Management Order, would inconvenience the witnesses and, further, would set up the parties for potential disputes over the scope of each deposition. As the Court previously stated, depositions should be "one and done." ECF 356, Tr. 13:23-25, *Jahr*, No. 3:13-cv-03835-JD.

### III. PARCEL A PLAINTIFFS, BUILDING 606 PLAINTIFFS, RESIDENTS PLAINTIFFS, AND COMMERCIAL PLAINTIFFS' STATEMENTS

#### A. *Pennington* Statement on Class Certification

The *Pennington* plaintiffs filed their Motion for Class Certification on June 16, 2023. ECF 265 in 18-cv-05330. Tetra Tech opposed the Motion and filed a *Daubert* challenge to plaintiff's damages expert. The Motion was fully briefed but is now administratively terminated. Tetra Tech has suggested that the Motion and *Daubert* challenge be heard on June 27, 2024. The *Pennington* plaintiffs are available on June 27, 2024 or alternatively July 18, 2024. The *Pennington* plaintiffs are also amenable to the Motion for Class Certification and related *Daubert* motion being heard on the papers.

#### B. *Pennington/Abbey/Carpenter* Joint Statement Regarding Motions for Summary Judgment and Adjudication

The parties in the global cases are focused on completing priority discovery, including key depositions that were noticed by Side 1 Plaintiffs in November 2023. Plaintiffs in *Pennington*, *Abbey*, and *Carpenter* believe that efforts should be focused on completing discovery and not on Tetra Tech's scattershot Motions for Summary Judgment and Adjudication. Plaintiffs in the three cases suggest that the Court limit the Tetra Tech defendants to a single MSJ/MSA in these three cases. The parties should work out a briefing schedule to begin at the conclusion of depositions. This will streamline the cases and limit the burden on the Court.

Tetra Tech claims that its MSJ in the Developer cases (SOL) and its MSJ (lost profits) in *Pennington* are "concept motions" and that the motions "would narrow the claims, issues, and/or damages in several of the actions…" The Plaintiffs in *Pennington*, *Abbey*, and *Carpenter* note that Tetra Tech did not file an MSJ on statute of limitations in their cases, the MSJ in the Developer cases is thus not a "concept" motion; nor is the MSJ (lost profits) in *Pennington*,

which was filed only in that case.

To summarize their positions as to motions filed in *Pennington*, *Abbey*, and *Carpenter*:

1. ***Pennington* Plaintiffs' Motion for Class Certification and Tetra Tech's related *Daubert* Motion**: Plaintiffs agree with TetraTech that these motions are ripe for decision.

2. **Tetra Tech's Motion for Judgment on the Pleadings (UCL) in *Pennington***: Plaintiffs filed a Statement of Non-Opposition and thus have no opposition to this motion being decided.

3. **MSJ (public nuisance) in *Pennington*, *Abbey*, and *Carpenter***: Plaintiffs submitted an objection under Rule 56(d) and strenuously object to the motion being heard prior to the completion of discovery. A briefing schedule should be set after discovery is complete.

4. **MSJ (lost profits) in *Pennington***: Plaintiffs in *Pennington*, *Abbey*, and *Carpenter* object to scattershot MSJ/MSAs by TetraTech. To lessen the burden on the Court, Tetra Tech should be limited to a single MSJ/MSA in these three cases.

C. *Pennington*/*Abbey*/*Carpenter* **Joint Statement Regarding Depositions**

The parties have implemented weekly calls to discuss deposition scheduling given the sheer number of depositions sought by the parties and the challenges of scheduling depositions around the United States with dozens of attorneys coordinating schedules. Plaintiffs in *Pennington*, *Abbey*, and *Carpenter* noticed priority depositions in November 2023. Quite a few have now been completed, however, key depositions have also been postponed, including some that these three parties sought in November. Several of the still-pending depositions are among the group of thirteen depositions that *Pennington*, *Abbey*, and *Carpenter* Plaintiffs view as necessary to oppose the Tetra Tech's MSJ/Nuisance. Plaintiffs in *Pennington*, *Abbey*, and *Carpenter* share the concerns of the Developer Plaintiffs regarding bottlenecking of depositions.

D. **The Developer Plaintiffs' Joint Statement on Tetra Tech's Motions for Summary Judgment on Statute of Limitations in the Commercial Cases**

Lennar and Five Point (the "Developers" or "Developer Plaintiffs") agree with Tetra Tech's request for a ruling on its motions for summary judgment based on the statute of

limitations. On February 28, 2024, Tetra Tech filed identical motions for summary judgment against Developers in the Commercial Cases (Case No. 3:20-cv-014181-JD, Dkt. No. 154; Case No. 3:20-cv-01485-JD, Dkt. No. 221). The gravamen of the motions is that Tetra Tech is entitled to judgment now (without the need for a trial) because there is no genuine issue of material fact that Developers knew or with reasonable diligence should have known about Tetra Tech's fraudulent misconduct and the resulting damages to Developers yet did not bring a lawsuit or obtain the tolling agreement it negotiated with Tetra Tech within the applicable statutes of limitations. The Developer Plaintiffs intend to oppose Tetra Tech's motions and believe a prompt resolution would be in the interest of all Parties and would benefit the Court and the overall administration of this complex, multi-party lawsuit.

      Tetra Tech asserts that "[n]o additional discovery is necessary to adjudicate this motion." Developer Plaintiffs do not agree that they have had the opportunity to discover the full extent of Tetra Tech's concealment, but are prepared to oppose the summary judgment motion on the current record (subject to Rule 56(d)) objections) to obtain a ruling from the Court on Tetra Tech's statute of limitations defense. The Developer Plaintiffs therefore agree to the schedule Tetra Tech proposes above for the motions for summary judgment in the Commercial Cases.

      If the motions are denied, that would inform the Parties' near-term and long-term strategy and settlement positions, including whether a voluntary or court-ordered mediation would be prudent at this stage of the litigation. If the motions are granted (which the Developer Plaintiffs believe is highly unlikely), the Parties would be relieved of significant discovery and other expense associated with litigating that aspect of the case, subject to an appeal.

      Tetra Tech characterizes its motions for summary judgment on statute of limitations as "concept" motions. Whatever Tetra Tech chooses to call them, the pending motions are Rule 56 motions for partial summary judgment and the Court's guidance is clear: each party or party group should submit no more than one Rule 56 motion. Developer Plaintiffs do and will object to any effort by Tetra Tech to file another summary judgment motion against Developer Plaintiffs later in the case. Developer Plaintiffs further object to Tetra Tech withdrawing their pending motions,

as Developers have expended considerable time and resources in preparing their oppositions and believe the issue is ripe for adjudication.

### E. The Developer Plaintiffs' Joint Statement on CERCLA Depositions

In conferences with the Parties, the Developer Plaintiffs sought to obtain testimony of certain government witnesses to aid in their oppositions to Tetra Tech's statute of limitations summary judgment motions. However, the government and Tetra Tech have frustrated the ability of Developer Plaintiffs to take the depositions of these witnesses until after the United States' CERCLA document productions are complete, which the government currently estimates will be October 11, 2024.[5]

While the Developer Plaintiffs disagree with the government and Tetra Tech about the scheduling of these depositions, they are prepared to oppose Tetra Tech's summary judgment motion on the current record (subject to Rule 56(d) objections) and obtain a ruling from the Court on Tetra Tech's statute of limitations defense. Setting aside the motion for summary judgment, the Developers object to the government's bottlenecking of depositions as being highly prejudicial to Side One's ability to timely prosecute their claims. To prevent a scenario where the Parties are triple or quadruple tracking depositions of key government witnesses through the holidays, Developer Plaintiffs propose that the government make CERCLA custodians available for depositions in due course, which the government and/or Tetra Tech can later reopen as necessary on issues related to the government's CERCLA claims.

---

[5] This date may be even further delayed by Tetra Tech's Requests for Production to the United States of America, Set Four, which were served on May 8, 2024 and seek documents related to the government's CERCLA claim.

Respectfully submitted,

DATED: May 9, 2024							COTCHETT, PITRE & McCARTHY, LLP

									By: */s/ Anne Marie Murphy*
									JOSEPH W. COTCHETT (SBN 36324)
									ANNE MARIE MURPHY (SBN 202540)
									DONALD J. MAGILLIGAN (SBN 257714)
									*Attorneys for PENNINGTON PLAINTIFFS*

DATED: May 9, 2024							WALKUP, MELODIA, KELLY AND SCHOENBERGER

									By: */s/ Khaldoun A. Baghadi*
									KHALDOUN A. BAGHADI (SBN 190111)
									SARA M. PETERS (SBN 260610)
									JADE SMITH-WILLIAMS (SBN 318915)
									*Attorneys for PLAINTIFFS KEVIN ABBEY, ET AL.*

DATED: May 9, 2024							BONNER & BONNER

									By: */s/ Charles A. Bonner*
									CHARLES A. BONNER (SBN 85413)
									A. CABRAL BONNER (SBN 247528)
									*Attorneys for PLAINTIFFS BAYVIEW HUNTERS POINT RESIDENTS*

DATED: May 9, 2024							O'MELVENY & MYERS LLP

									By: */s/ David J. Marroso*
									DANIEL M. PETROCELLI (SBN 97802)
									DAVID J. MARROSO (SBN 211655)
									GEOFFREY H. YOST (SBN 159687)
									MADHU R. POCHA (SBN 260997)
									*Attorneys for LENNAR CORP.; HPS DEVELOPMENT CO., L.P.; HPS1 BLOCK 50 LLC; HPS1 BLOCK 51 LLC; HPS1 BLOCK 53 LLC; AND HPS1 BLOCK 54 LLC*

| | | |
|---|---|---|
| 1 | DATED: May 9, 2024 | ALSTON & BIRD |
| 2 | | By: /s/ Jeffrey D. Dintzer |
| 3 | | JEFFREY D. DINTZER (SBN 139056)<br>MATTHEW C. WICKERSHAM (SBN 241733) |
| 4 | | *Attorneys for FIVE POINT HOLDINGS, LLC, CP DEVELOPMENT CO., LLC, AND EMILE HADDAD* |
| 5 | | |
| 6 | | |
| 7 | DATED: May 9, 2024 | LAW OFFICES OF RICHARD M. STEINGARD |
| 8 | | By: /s/ Richard M. Steingard |
| 9 | | RICHARD M. STEINGARD (SBN 106374)<br>*Attorneys for DEFENDANT BILL DOUGHERTY* |
| 10 | | |
| 11 | DATED: May 9, 2024 | WILMERHALE LLP |
| 12 | | By: /s/ Christopher A. Rheinheimer |
| 13 | | DAVINA PUJARI<br>CHRISTOPHER T. CASAMASSIMA |
| 14 | | CHRISTOPHER A. RHEINHEIMER<br>SAMUEL C. LEIFER |
| 15 | | MICHAEL J. BROWN<br>*Attorneys for TETRA TECH, INC., TETRA TECH EC, INC., ANDREW BOLT* |
| 16 | | |
| 17 | DATED: May 9, 2024 | UNITED STATES OF AMERICA, CIVIL DIVISION/TORTS BRANCH |
| 18 | | |
| 19 | | By: /s/ Caroline Stanton |
| 20 | | CAROLINE STANTON<br>MICHAEL WILLIAMS |
| 21 | | ALBERT LAI<br>ROSEMARY YOGIAVEETIL |
| 22 | | KENNETH A. PILGRIM<br>CINDY HURT |
| 23 | | Trial Attorneys<br>Civil Division, Environmental Torts |
| 24 | | 1100 L Street NW<br>Third Floor |
| 25 | | Washington, DC 20005 |
| 26 | | Telephone: (202) 307-0554<br>*Attorneys for Defendant UNITED STATES OF AMERICA* |
| 27 | | |
| 28 | | |

**Civil Local Rule 5-1(i)(3) Attestation**

Pursuant to Local Rule 5-1(i)(3), I, Christopher A. Rheinheimer, the ECF filer of this document, hereby attest that I obtained concurrence in the filing of this document from each of the other signatories.

Date: May 9, 2024

By:   /s/ Christopher A. Rheinheimer