UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYVIEW HUNTERS POINT RESIDENTS, et al., | Case No.  19-cv-01417-JD |
| Plaintiffs, | |
| v. | **ORDER RE GOOD FAITH SETTLEMENT DETERMINATION** |
| TETRA TECH EC, INC., et al., | |
| Defendants. | |

Defendants Tetra Tech EC, Inc. and Tetra Tech, Inc. (together, "Tetra Tech") have agreed to settle plaintiffs' claims against them for a $1.5 million payment, and they ask that the Court determine this settlement to have been made in good faith pursuant to California Code of Civil Procedure Sections 877 and 877.6.  Dkt. No. 371.  The parties' familiarity with the record is assumed, and the request is granted.

The determination of a good faith settlement is guided by several factors, such as:

> [A] rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.  Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants. Finally, practical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement.  "A defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be."

*Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985) (cleaned up).

The Developer Defendants contest good faith, but they did not demonstrate that the settlement is "so far 'out of the ballpark' in relation to these factors as to be inconsistent with the

United States District Court
Northern District of California

equitable objectives of the statute." *Id*. at 499-500.[1]  To start, as the Developer Defendants forthrightly acknowledge, there are no indications of collusion in reaching the settlement.  Dkt. No. 374 at 14.  This absence is to be expected because the settlement emerged from multiple conferences actively managed by a magistrate judge.  The involvement of a judicial officer in combination with representation of the parties by knowledgeable counsel, as was the case here, provides considerable assurance with respect to "whether a settlement is within the reasonable range permitted by the criterion of good faith."  *Tech-Bilt*, 38 Cal. 3d at 500.

Another significant indicator of good faith was plaintiffs' counsel's candid representation at the hearing that he could "never" prove causation against Tetra Tech, and that most and possibly all of the claims against Tetra Tech would not have survived summary judgment or a jury trial.  The Court probed these representations in detail during the hearing, and counsel provided reasonable explanations for his assessment of the poor likelihood of success.  Overall, counsel identified good grounds for concluding that the $1.5 million settlement figure was proportionate to plaintiffs' stated inability to prove their case and establish Tetra Tech's liability.

It is true, as the Developer Defendants note, that the Fifth Amended Complaint alleged Tetra Tech's liability to be in excess of $27 billion, Dkt. No. 374 at 6, but plaintiffs' counsel acknowledged that the dream of billions in damages went up in smoke in the face of the factual record developed during discovery.  This is not the first time that a party massively overstated the value of its claims in a pleading, and it is not a reason to conclude the settlement was not in good faith.  So too for the Developer Defendants' suggestion that the Sixth Amended Complaint had a much greater focus on Tetra Tech vis-à-vis themselves.  *Id*. at 6-7.  As the Court concluded in denying a good faith determination for the Developers Defendants' own settlement, this focus was the product of a collusive arrangement sponsored by the Developer Defendants through a self-serving "common interest" agreement in place at the time that complaint was filed.  *See* Dkt. No. 314 at 3-4.  Such suspect circumstances are not in evidence here.

[1] In making this determination, the Court considers the record as a whole, including the Developer Defendants' proposed sur-reply, Dkt. No. 388-1, Ex. A, and the arguments made at the motion hearing.  Dkt. No. 390.

The Developer Defendants also did not demonstrate that the settlement between plaintiffs and Tetra Tech was "aimed to injure" the Developer Defendants' interests. *KS Resources Limited v. A.W.L.I. Group Inc.*, No. 2:11-cv-01517-JHN-JCG, 2012 WL 12888324 (C.D. Cal. Apr. 23, 2012), *aff'd*, 567 F. App'x. 561 (9th Cir. 2014). It bears mention that the Developer Defendants have a separate case for damages pending against Tetra Tech that is proceeding to trial. *See* Case Nos. 20-1481, 20-1485.

In light of these and the other factors set out in *Tech-Bilt*, 38 Cal. 3d at 499, the Court grants Tetra Tech's good faith settlement determination motion. Dkt. No. 371. Plaintiffs' motion for the approval of minors' compromises, Dkt. No. 369, will be granted by separate order. Because all parties to the litigation have now settled all claims, the case will be administratively closed pending the parties' final dismissal of the action.

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California